THE STATE OF OHIO, APPELLEE, *v.* BOYD, APPELLANT.

[Cite as State v. Boyd (1972), 30 Ohio St. 2d 64.]

(No. 71-587—Decided May 3, 1972.)

*Mr. Lawrence Huffman*, prosecuting attorney, for appellee.

*Mr. Ted Iorio*, for appellant.

*Per Curiam.* Had the foregoing events occurred after July 1, 1971, when App. R. 4(B)[1] became effective,

---

[1] App. R. 4(B) (Appeals in criminal cases):

". . . A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. . . ."

the present controversy would not have arisen. However, appellant contends that the rule is nonetheless applicable because appellee did not move to dismiss the appeal until July 6, 1971. We find it unnecessary to resolve that contention.

Unlike the former procedure in civil matters, wherein all judgments and orders must be entered upon the journal (see R. C. 2323.22, repealed, effective July 1, 1971, and Civ. R. 58), neither the present statutes (R. C. 2947.05 and 2947.07[a]) nor the proposed Criminal Rules (see Proposed Crim. R. 32 [XLV Ohio Bar, No. 13, March 27, 1972, pages 443, 444]) contain language vitiating the conclusion that the pronouncement of a sentence in open court, upon conviction, is then and there an act of the court which needs no formalization by a journal entry before an appeal may be perfected therefrom.

Accordingly, the judgment of the Court of Appeals dismissing the appeal therein is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

[a] R. C. 2947.05:

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him."

R. C. 2947.07:

"If a convicted defendant does not show sufficient cause as to why judgment should not be pronounced, the court shall pronounce the judgment."