THE STATE OF OHIO, APPELLEE, *v.* BUTLER, APPELLANT.▌

[Cite as State v. Butler (1974), 44 Ohio App. 2d 177.]

178

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(No. 1-74-93—Decided December 30, 1974.)

*Mr. Lawrence S. Huffman,* prosecuting attorney, and *Mr. Gary R. Herman,* for appellee.
*Messrs. Siferd & Eaton,* for appellant.

GUERNSEY, P. J. Defendant was indicted for the crime of felonious assault as defined in R. C. 2903.11. On May 30, 1974, he appeared in open court and stated through counsel, "the defendant has decided that he would like to change his plea if the State would consider a lesser included offense here." The court responded that he was "assuming you are talking about 2903.12, aggravated assault," and was assured by defense counsel that that assumption was correct. The court thereupon instructed defendant as to his rights and examined him on his understanding of the offense and the possible penalties therefor. It then asked him if "you still voluntarily wish to enter a plea of guilty to the lesser included offense of aggravated—or a felony of the fourth degree, knowing all of the things that the Court has just spoken to you?" The defendant personally answered that he did.

The Court inquired of defense counsel as to the facts relating to the commission of the crime, and of the defendant as to whether he still wished to plead guilty notwithstanding that he claimed no memory of the events constituting the offense. The defendant assured the court that he did, the prosecution advised the court that the State "would consent to a plea to Section 2903.12," and the court

announced that it "will accept a plea as tendered to a lesser included offense of aggravated assault under Section 2903.-12." Sentencing was thereupon continued pending a presentence investigation report.

On August 8, 1974, the defendant appeared again in open court and offered the testimony of two character witnesses in mitigation of sentence after which the following colloquy occurred:

"The Court. Sentencing had. Defendant personally present in open court represented by Mr. A. Marshall Rodgers. Note Mr. King on behalf of the State. Defendant allocuted and afforded opportunity for mitigation. The defendant is sentenced to a minimum of six months to a maximum of five years in the Ohio State Reformatory, Mansfield, Ohio. The Sheriff of Allen County, Ohio is ordered to deliver him thereto. Defendant to pay costs. Judgment for costs.

"Mr. Butler, the Court will reiterate what it has said many times. One of the most unpleasant things that this particular judge ever has to do is send a man to prison. Mr. Rogers will inform you as to the possible future on that score. Somehow if you take a red flag and run it in front of a bull, he charges. Now, it seems that in all of your life, every time you see a policeman or any symbol of authority, you just instinctively rebel, which is a rather immature emotional thing. I don't know how to correct it, but I think society dictates that you at least at this time have some moments of reflection before we send you out again where you might hurt somebody. But in the meantime, if you learn how to cut down some of your emotional reactions . . . . .

"Mr. Butler: You think you're doing that now, do you?
"The Court: Sir?
"Mr. Butler: You think you're doing that now?
"The Court: Well, if you remain hostile, the authorities will . . . .
"Mr Butler: If authorities keep on your back how do you expect somebody to buy that?
"The Court: Well, sir . . . .
"Mr. Butler: You send me to prison that going to do me any good?

"The Court: If you'd like . . .

"Mr. Butler: I don't even want to hear it.

"The Court: If you'd like to sir . . . .

"Mr. Butler: You can go to hell.

"The Court: All right sir. The sentence is now being changed to a minimum of . . . .

"Mr. Butler: Send the son of a bitch two to fifteen you fag bastard.

"The Court: . . . one year in the . . . .

"Mr. Butler: If none of you fuckers like it kiss my ass.

"The Court: The sentence . . . .

"Mr. Butler: You just sold yourself anyway because I wasn't going to plead guilty. You sons a bitches conned me into it.

"The Court: Court is adjourned and if you don't want to go to Lima State Hospital sir . . .

"Mr. Butler: You guys promised me probation before I pled.

"The Court: You will take care of your prisoner. We promised you nothing . . . .

"Mr. Butler: You shit. You told me if you dropped it to fourth degree, that's what I was told. That if I copped out to fourth degree, you guys would let me go. Because you know I had a good case from the start.

"Mr. Rodgers: You were not promised anything.

"Mr. Butler: I was more or less promised that.

"Mr. Rodgers: There were no promises.

"Mr. Butler: Oh shit. Wasn't I almost promised that Billy [Butler's wife]?

"The Court: Mr. Butler, let the Court say this to you sir . . .

"Mr. Butler: You have nothing to say to me you crooked dealing asshole.

"The Court: Court is adjourned. Take care of your prisoner . . .

"Mr. Butler: I'll throw a God damn chair at you, you old stupid punk."

A judgment of conviction and sentence was thereafter

entered in the journal sentencing the defendant to "be confined in the Ohio State Reformatory, at Mansfield, Ohio, for a term of not less than one (1), nor more than five (5) years." A motion for reconsideration of sentence under the provisions of R C. 2929.51 was filed and on August 30, 1974, overruled. Notice of appeal was filed by the defendant from the judgment of conviction and sentence and error was assigned as follows:

1. "The court's increase in the minimum sentence from six months to one year constituted punishment for contempt and was impermissible."

2. "The requirements of criminal rule 11(F) were not complied with."

3. "A factual basis for the plea was not presented to the court."

Although there are no cases in Ohio which we could find on point it seems to be well established in at least one federal jurisdiction that when the defendant has not left the bar and has not satisfied or suffered any part of the punishment thereunder, it is competent for a court to reconsider its sentence and impose a different one. *Stidham* v. *United States*, 170 F. 2d 294; *Oxman* v. *United States*, 148 F. 2d 750, certiorari denied, 325 U. S. 887, rehearing denied 326 U. S. 804, second petition for rehearing denied, 326 U. S. 807; and *Nichols* v. *United States*, 106 F. 672. After the sentence has been partly served it may be reduced but, on constitutional grounds, may not be increased. *United States* v. *Benz*, 282 U. S. 304. See also, 24 Corpus Juris Secundum 583, Criminal Law, Section 1587.

In Ohio, however, the pronouncement of a sentence in open court, upon conviction, is then and there an act of the court which needs no formalization by a journal entry before it constitutes a final order or judgment. See *State* v. *Boyd*, 30 Ohio St. 2d 64, wherein such a pronouncement was held to constitute an appealable order. (Appellate Rule 4 (B), however, now requires journalization before the appeal is perfected.) Although, the formality of journalization might not, in the light of R. C. 2947.05 and R. C. 2947.-07, require that a sentence be journalized to be enforceable,

there are, nevertheless, no similar provisions for the vacation or amendment of sentence and it is our opinion that a sentence, once imposed by pronouncement in open court, may not be vacated or amended unless the vacation or amendment is formalized by journal entry. This was not done in this case and to the extent that the words of the court, "The sentence is now being changed to a minimum of * * * one year in the . . . .," purport to constitute a revocation or amendment of the original sentence, such revocation or amendment was ineffective and invalid. The first sentence thus stands and the journal entry of judgment of conviction and sentence must be amended to reflect the validity of the first sentence and the invalidity of the attempted change.

Taking this view of the matter it is not necessary for us to decide, and we do not decide, whether the attempted change constituted an invalid punishment for defendant's contemptuous conduct. We find the first assignment of error well taken insofar as it relates to the increase in minimum sentence being impermissible.

The second assignment of error deals with the requirement of Criminal Rule 11(F) that "When, in felony cases, a negotiated plea of guilty * * * to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

Obviously, although the defendant in his brief has set forth many of the reasons for this rule, the provisions of this subdivision may apply only when an agreement exists. The defendant's briefs do not set forth what the defendant contends to have been the agreement except as may be gathered from the colloquy hereinbefore quoted. The defendant's statements made at the mitigation hearing in August that "You guys promised me probation before I pled," and "That if I copped out to fourth degree, you guys would let me go," must be read in the light of the fact that no claim of an agreement was made in May when the reduced plea was accepted, and in the light of his counsel's statement at the mitigation hearing that, "You were not prom-

ised anything," and his own statements at such hearing that "I was *more or less* promised that," and "Wasn't I *almost* promised that Billy?" (Emphasis added.) In the light of these qualifications there does not appear to be any agreement other than that which appears by implication on the record that if the defendant would enter a plea of guilty to the lesser offense the state would recommend that the charge to the greater offense be dismissed in favor of such plea to the lesser offense.

The appellant has failed to affirmatively show error as assigned in the second assignment of error and we find such assignment without merit.

There is no statute or criminal rule which requires in Ohio that a factual basis be presented to the court for a plea of guilty. The requirements pertaining to the court's determination of the defendant's knowledge and understanding of his rights and the effect of his plea does not require that evidence be presented by the state supporting each element of the offense charged or for the court to determine that such evidence would be available.

The defendant also asserts under this assignment that aggravated assault as defined by R. C. 2903.12(A) (1) is not a lesser included offense of felonious assault as defined by R. C. 2903.11(A) (1). These definitions and the penalties therefor are:

"Section 2903.11 Felonious assault.

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another * * *

"(B) Whoever violates this section is guilty of felonious assault, a felony of the second degree."

"Section 2903.12 Aggravated assault.

"(A) No person, *while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force*, shall knowingly:

"(1) Cause serious physical harm to another * * *

"(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree." (Emphasis added.)

It will be observed that the only difference between

the two crimes is the name by which they are known, the penalties therefor, and the emphasized phrase in the definition of aggravated assault relating to provocation. The term "aggravated" is used in the sense of being more heinous than a common assault (R. C. 2903.13) which involves only "physical harm" as contrasted with "serious physical harm," and does not relate to the provocation for the assault. In this sense the crime of felonious assault is likewise an aggravated assault.

What then is the effect of the phrase dealing with provocation? If a defendant were charged and tried for the crime of felonious assault self defense would be a complete and an affirmative defense thereto. In Ohio, however, prior to the present Criminal Code adopted effective January 1, 1974, provocation, at least provocation by words, has not ordinarily been considered a defense to any act of assault. Nor, in the form in which R. C. 2903.11 was enacted is provocation specifically set forth as a defense thereto. Proof of the crime is complete on proof that a person (1) knowingly (2) caused serious physical harm to another. Nevertheless, R. C . 2903.11 is in pari materia to R. C. 2903.12, and construing such sections together, though inartfully drafted, it appears that although provocation, as defined in the latter, would not be a complete defense, i e., to absolve the defendant entirely from guilt arising from the acts charged, such provocation would, when proved by the defendant, absolve him of guilt under R. C. 2309.11(A) (1) but simultaneously would demonstrate that all of the requirements of the crime as defined by R. C. 2903.12 (A) (1) existed. The defendant, instead of being found guilty of felonious assault, as defined by R. C. 2903.11 (A) (1) could then be found guilty of aggravated assault, as defined by R. C. 2903.-12(A) (1), provided only that the latter be a lesser included offense of the former.

Very simply stated, and omitting considerations of class and degree, one offense is a lesser included offense of another if proof of some the elements of the latter proves all of the elements of the former. The elements of the two offenses here involved are identical and each may be proved

by evidence that a person (1) knowingly (2) caused serious physical harm to another, if the phrase relating to provocation in the definition of aggravated assault is not an element to be proved by the state. To conclude that it is an element to be proved by the state would require the state to have a greater burden of proof, i. e., the proof of an additional element, in proving the less severe crime, the crime with the lesser penalty. We do not think that that is the case. It is our opinion instead, that when the state charges a person with aggravated assault under R C. 2903.12, such charge constitutes an admission by the state that provocation as defined therein existed at the time of the alleged offense and that such provocation absolves the defendant of the guilt of felonious assault as defined by R. C. 2903.11 which he would have without such provocation. Provocation is not, therefore, an element of aggravated assault, as defined by R. C. 2903.12 to be proved by the state.

It follows that in proving the elements of felonious assault as defined by R. C. 2903.11, specifically that a person (1) knowingly (2) caused serious physical harm to another, all of the elements of aggravated assault as defined by R. C. 2903.12 have been proved and that the latter crime constitutes a lesser included offense of the former.

We find no error as assigned by the defendant in his third assignment of error. For the error of the trial court in journalizing a sentence increased in minimum amount from six months, as pronounced and not properly vacated or amended, the judgment of sentence must be modified by amending so much of said judgment as reads "that the defendant be confined in the Ohio State Reformatory, at Mansfield, Ohio, for a term of not less than one (1), nor more than five (5) years," to read "that the defendant be confined in the Ohio State Reformatory, at Mansfield, Ohio, for a term of not less than six (6) months, nor more than five (5) years." As so modified the judgment is affirmed.

*Judgment modified and, as modified, affirmed.*

COLE and MILLER, JJ., concur.