THE STATE OF OHIO, APPELLEE, *v.*
HARRIS, APPELLANT.

(Nos. 80AP-525 and 526 — Decided
April 30, 1981.)

Mr. *Gregory S. Lashutka,* city attorney, Mr. *Ronald J. O'Brien,* city prosecutor, and Mr. *David E. Tingley,* for appellee.

Mr. *J. Elliott Van Dyne* and Mr. *Jack W. Decker,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by · defendant-appellant, James Harris, from a sentence rendered by the Franklin County Municipal Court. (These two cases have been consolidated for purposes of appeal.)

The record indicates that on February 24, 1980, defendant was arrested and charged with drag racing in violation of R.C. 4511.251 and having an improper muffler in violation of R.C. 4513.22. Upon waiver of the jury demand, the cause came on for trial before the trial court on June 20, 1980; at which time, the drag racing charge was amended, by agreement, to one of reckless operation, R.C. 4511.20. Defendant entered guilty pleas to the charges of reckless operation and improper muffler; the trial court rendered a sentence of a $100 fine and costs for reckless operation, and a fine of $25 and costs for the improper muffler.

Defense counsel's request for a continuance of the enforcement of the sentence, for the purpose of raising money for the payment of the fine, was denied by the trial court. Defense counsel stated that defendant was indigent by virtue of the fact that he had been laid off from work since March 15, 1980, and that defendant was expecting an unemployment check within the week, which could be applied against the judgment, since defendant had been residing with his parents. Defendant did not own any property, including automobiles, at the time of the trial. Following the above explanation, the trial court stated:

"* * * All right. We will do it this way: On the reckless, a plea of guilty, $100 and costs suspended. His driving rights are suspended for one year. On [the second charge] * * *, $25 and costs suspended. Get his driver's license."

Defendant's single assignment of error which has been labeled "argument" and "issue presented for review" is as follows:

"The action of [the trial judge] * * *, in altering sentence of defendant to suspend his driving rights upon learning that defendant was indigent as of the day of trial and was unable that day to pay the fines imposed, was highly improper and violative of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, particularly when defendant indicated that he would be able to pay several days hence."

In support of the assignment of error, defendant relies on *State* v. *Boyd* (1972), 30 Ohio St. 2d 64, 65 [59 O.O.2d 84], which held that "* * * the pronouncement of a sentence in open court, upon conviction, is then and there an act of the court which needs no formalization by a journal entry before * * *" becoming a final appealable order. Citing *Boyd,* the court in *State* v. *Butler* (1974), 44 Ohio App. 2d 177 [73 O.O.2d 196], at pages 181-182, held that a sentence, once imposed by pronouncement in open court, may not be vacated or amended without a formal journal entry. An examination of *Boyd* reveals that the basis for the decision reached in that case was the failure of any statute or any of the proposed Criminal Rules to require formalization by journal entry before an appeal could be perfected.

That is no longer true. App. R. 4(B), as partially set forth below, clearly requires the filing of a judgment entry before an appeal can be perfected:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. * * *"

In addition, the language contained in Crim. R. 32(B) indicates that a judgment of conviction must be put into the form of a journal entry, signed by the sentencing judge and filed with the clerk of courts. In light of the language contained in App. R. 4(B) and Crim. R. 32(B), we find that *Butler* and *Boyd* no longer represent the law in Ohio and that a sentence pronounced in court may be amended without a formal journal entry as long as there has been no journalization of the sentence.

Defendant contends that the action of the trial court in modifying defendant's original sentence of a $125 fine and costs to a suspension of driving privileges was a violation of the Equal Protection Clause. In support of his contention, defendant alleges that the trial court's conduct in changing defendant's sentence was discriminatory, as it was based solely on defendant's inability to pay the fines earlier assessed.

In *Williams* v. *Illinois* (1970), 399 U.S. 235 [52 O.O.2d 281], the United States Supreme Court held that the Equal Protection Clause prevented a state from subjecting convicted defendants to a period of imprisonment *beyond the statutory maximum* solely as a result of their indigency. In the later case of *Tate* v. *Short* (1971), 401 U.S. 395, it was held that the Equal Protection Clause prevented a court from converting a fine into a prison term for an indigent defendant *where the governing statute* established a "fines only" policy for the offense. In short, *Williams* and *Tate* establish the policy that the statutory ceiling placed on imprisonment for an offense must be applied equally regardless of the defendant's ability to pay a fine.

An examination of the record indicates that the trial court did not violate the principle established by the United States Supreme Court and steadfastly followed by this court that justice must be applied equally to all. In this case, unlike the cases decided by the United States Supreme Court, defendant's sentence was modified from that of a fine to a *suspension of driving privileges.* Additionally, it must be pointed out that the suspension of defendant's driving privileges was not beyond the trial court's scope of authority.

In light of the following language from *Tate* v. *Short, supra,* at pages 399-400, the fact that defendant's sentence was modified from a fine to a year's suspension of driving privileges is important:

"There are, however, other alternatives to which the State may constitutionally resort to serve its concededly

valid interest in enforcing payment of fines. We repeat our observation in *Williams* in that regard, 399 U.S., at 244-245 (footnotes omitted):

" 'The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.

" 'It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment — or judges within the scope of their authority — may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones.' " (Footnote omitted.)

While this court might find that granting defendant's motion for a delay of the enforcement of the original sentence is a better alternative than the modification of the sentence, in this case, however, such a decision was within the sound discretion of the trial court. The decision of the trial court to suspend defendant's driving privileges was a proper alternative to protect the state's interest in enforcing judgments.

Defendant does *not* contend that the trial court acted beyond its scope of authority in suspending his driving privileges for one year. Clearly, R.C. 4507.34 empowers a trial court, within its discretion, to suspend the license to drive of any person convicted of, or pleading guilty to, a charge of reckless operation. There can be no question that the trial court stayed within the statutory limits when it modified defendant's sentence. Defendant's original sentence arose from his pleading guilty to reckless operation. When the trial court realized defendant was, at the time of sentencing, indigent, the trial court modified its original sentence to an alternative sentence to which defendant could have originally been sentenced, thereby protecting the state's interest in the enforceability of judgments. The actions of the trial court, in this case, do not give rise to a violation of the Equal Protection Clause.

Accordingly, defendant's single assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

MCCORMAC and MOYER, JJ., concur.