## State v. Thomas
*[Cite as 8 AOA 157]*

*Case No. 8-88-20*
*Logan County, (3rd)*
*Decided December 31, 1990*

*John Rion, 1620 One First National Plaza, P.O. Box 7062, Dayton, Ohio 45402, for Appellant.*

*C. Douglas Chamberlain, Prosecuting Attorney, 111 South Madriver, Bellefontaine, Ohio 43311, for Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Logan County, entered pursuant to a plea of guilty on all counts charged, sentencing appellant, Douglas D. Thomas, to incarceration for 15-25 years on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), incarceration for 10-25 years on one count of involuntary manslaughter, in violation of R.C. 2903.04(A) and incarceration for 3 years on a firearm specification pursuant to R.C. 2929.71.

On December 31, 1987, appellant, Douglas D. Thomas, entered the D & J IGA store located in Belle Center, Ohio. Appellant approached the cashier brandishing a handgun and demanded the store's money. The owner of the store, Donald J. LaRoche, approached appellant from behind and seized him in a bear hug. In the course of the ensuing struggle appellant turned into Mr. LaRoche and shot him in the abdomen. Shortly thereafter Mr. LaRoche died as a result of the gunshot wound. The patrons who were in the store subdued appellant until an off duty deputy sheriff placed him under arrest.

On January 13, 1988, appellant was indicted for one count of aggravated robbery, with two felony specifications and one count of involuntary manslaughter, with a firearm specification applicable to both counts. On January 14, 1988, appellant entered a plea of not guilty to both counts of the indictment. On January 27, 1988, appellant was re-indicted for one count of aggravated robbery, with specifications, one count of aggravated murder, with specifications, and one count of possessing weapons while under a disability, with one specification. No action was taken to nolle the original indictment. On July 18, 1988, appellant entered a plea of guilty to both counts charged in the original indictment. Subsequently, on August 16, 1988, the second indictment was dismissed.

Appellant appeared in open court for sentencing on August 23, 1988. By judgment entry of August 25, 1988, the trial court sentenced appellant to serve 15-25 years for aggravated robbery, 10-25 years for involuntary manslaughter and 3 years for the firearm specification, with each period of incarceration to be served consecutively.

It is from this judgment that appellant appeals submitting two assignments of error which provide as follows:

I. "DEFENDANT'S CONVICTION AND CONSECUTIVE SENTENCING FOR BOTH INVOLUNTARY MANSLAUGHTER AND THE UNDERLYING FELONY, AGGRAVATED ROBBERY VIOLATES THE FEDERAL AND STATE DOUBLE JEOPARDY CLAUSES AND

## FUNDAMENTAL DUE PROCESS.

## II. "ON THE INVOLUNTARY MAN-SLAUGHTER CONVICTION WITH NO PRIOR CONVICTION SPECIFICATION, THE LOWER COURT ERRED IN SENTENCING DEFENDANT TO A MINIMUM TERM OF FIFTEEN YEARS OF ACTUAL INCARCER-ATION WHERE THE MINIMUM TERM COULD NOT BE GREATER THAN TEN YEARS."

Appellant's first assignment of error contends that his convictions for aggravated robbery and involuntary manslaughter arose from the same identical conduct and, thus, constitute allied offenses of similar import. Therefore, appellant argues, his conviction and sentencing for both of these offenses constituted a violation of the constitutional guarantees protecting him from "double jeopardy" and affording him fundamental due process of law.

R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In application of R.C. 2941.25, the Supreme Court of Ohio recently articulated the following two tier analysis in *Newark v. Vazirani* (1990), 48 Ohio St. 3d 81, 83:

"In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (*State v. Blankenship* [1988], 38 Ohio St. 3d 116, 117, 526 N.E. 2d 816, 817, approved and followed.)." (Emphasis original).

The first tier of the analysis requires us to compare the elements of the offenses with which appellant was charged and convicted. In count one of the indictment appellant was charged with aggravated robbery, in violation of R.C. 2911.01(A)(1) and (2), which provides as follows:

"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do *either* of the following:

"(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another." *(Emphasis added)*.

In count two of the indictment appellant was charged with involuntary manslaughter, in violation of R.C. 2903.04(A), which provides as follows:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony."

In charging appellant with aggravated robbery the indictment contained the elements of both subsections (1) and (2) of R.C. 2911.01(A) alternatively. The prosecution, therefore, bore the burden of proving the elements of *either* subsection beyond a reasonable doubt in order to convict appellant of aggravated robbery. Accordingly, in light of appellant's plea of guilty, so long as *either* subsection does not constitute an allied offense of similar import when compared with involuntary manslaughter, appellant's conviction for both offenses will pass the first step of the *Vazirani* test.

The elements of involuntary manslaughter require proof that appellant 1) caused the death of another; 2) as a proximate result of his committing or attempting to commit a felony. See R.C. 2903.04(A). Meanwhile, the elements of aggravated robbery require proof that appellant 1) in committing or attempting to commit a theft offense or in fleeing immediately after such attempt or offense either; 2) had a deadly weapon or dangerous ordnance about his person or under his control, *or* inflicted or attempted to inflict serious physical harm on another. See R.C. 2911.01(A)(1) and (2). R.C. 2903.04(A), involuntary manslaughter, requires the actual death of another at the hand of a defendant.

However, through subsection (A)(1), R.C. 2911.01, aggravated robbery, does not require the death nor even harm of another. Rather, the possession or control of a deadly weapon or dangerous ordnance alone is punishable. Additionally, we note that the possession of a deadly weapon or ordnance will not necessarily result in the death of another and that the death of another as a result of the commission of a felony need not necessarily involve the possession or control of a deadly weapon or ordnance.

In application of the first step of the analysis from *Vazirani, supra,* we conclude that the elements of aggravated robbery, R.C. 2911.01(A)(1), and involuntary manslaughter, R.C. 2903.04(A), do not correspond to such a degree that the commission of one will necessarily result in the commission of the other. Having found these two offenses to be of dissimilar import, it is unnecessary for us to proceed to the second step of the analysis. Nevertheless, because appellant argued the element of animus in his brief we will discuss this point briefly. In the second step of the *Vazirani* test the conduct for the defendant is examined. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. We conclude that each crime had a separate animus in this case even though the two crimes were committed almost simultaneously. When the defendant demanded money from the cashier his animus was robbery. Immediately after that the store owner placed the defendant in a bear hug in an effort to subdue him and thwart the robbery. At that instant the animus of the defendant changed from robbery to escape. Defendant was unwilling to submit to capture. He struggled to free himself and used his weapon to insure his success. Thus, even though this analysis is not required, we conclude that the conduct of the defendant in this case also fails the second step of the *Vazirani* test.

Appellant's first assignment of error is not well taken and is overruled.

Appellant's second assignment of error arises from the trial court's sentencing. On August 23, 1988, the trial court sentenced appellant in open court, in pertinent part, as follows:

"As to the firearms specification set forth in the indictment, the same being committed as part of the same act or transaction as set forth in Revised Code Section 2929.71, the court imposes the sentence of one three year term of actual incarceration in the Ohio State Penitentiary, to be served consecutively with and prior to the following sentences. For the offense occurred as set forth in Count One of the indictment [aggravated robbery] with the prior conviction specifications alleged and alluded to here today as in the prior hearing, as you said in your own words, not denied by you, the Court sentences you to a minimum term of ten years of actual incarceration, a maximum of twenty-five years.

"As for the offense alleged in Count Two of the indictment [involuntary manslaughter], the Court sentences you to fifteen years of actual incarceration, maximum term of twenty-five years in the Ohio State Penitentiary, to run consecutively with the above sentences. ***"

However, in its "judgment entry sentencing" of August 25, 1988, the trial court formalized its sentence, in pertinent part, as follows:

"*** It is, therefore, ORDERED, ADJUDGED and DECREED by the court that the said Defendant, Douglas D. Thomas, be sentenced to the Ohio State Penitentiary on the charge of Aggravated Robbery for not less than fifteen (15) years, nor more than twenty-five (25) years, said minimum sentence to be actual incarceration. It is further ORDERED, ADJUDGED and DECREED by the Court that the Defendant, Douglas D. Thomas, be sentenced to the Ohio State Penitentiary for not less than ten (10) years, nor more than Twenty-five (25) years on the charge of Involuntary Manslaughter, said minimum sentence to be served as actual incarceration. It is further ORDERED, ADJUDGED and DECREED by the Court that the said Defendant, Douglas D. Thomas, be sentenced to the Ohio State Penitentiary for a period of three (3) years of actual incarceration for the Firearms Specification associated with the aforesaid offenses, pursuant to Ohio Revised Code Section 2929.71. It is further ORDERED, ADJUDGED and DECREED that the Defendant, Douglas D. Thomas, serve each of the foregoing periods of incarceration consecutive to each other, subject only to the terms of the Ohio Revised Code Section 2929.41(E). ***"

The sentencing statute relevant to these offenses is R.C. 2929.11(B)(1)(a) and (b), which provides as follows:

"(B) ***

"(1) For an aggravated felony of the first degree:

"(a) If the offender has not previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, or any offense set forth in any existing or former law of this state, any other state, or the United States that is substantially equivalent to any aggravated felony of the first, second, or third degree or to aggravated murder or murder, the minimum term, which may be imposed as a term of actual incarceration, shall be five, six, seven, eight, nine, or ten years, and the maximum term shall be twenty-five years;

"(b) If the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, or any offense set forth in any existing or former law of this state, any other state, or the United States that is substantially equivalent to any aggravated felony of the first, second, or third degree or to aggravated murder or murder, the minimum term shall be imposed as a term of actual incarceration of ten, eleven, twelve, thirteen, fourteen, or fifteen years, and the maximum term shall be twenty-five years;"

It is apparent that the sentence imposed by the trial court in open court and that contained in its "judgment entry sentencing" are inconsistent. Appellant argues that the different sentence imposed by the trial court's judgment entry was in part a drafting error and that the trial court's actual intent as to sentencing is evidenced by its open court sentencing. Assuming this to be the case, appellant argues that the trial court's sentence pronounced in open court of a minimum term of ten years to a maximum term of twenty-five years for aggravated robbery and three years for the firearm specification were correct. However, appellant argues that the minimum term of fifteen years to a maximum term of twenty-five years imposed by the trial court in open court for involuntary manslaughter was in excess of that allowable by law. Therefore, appellant contends that the trial court's sentence of ten to twenty-five years for count one, aggravated robbery, as imposed by the trial court in open court and the ten to twenty-five year term imposed by the trial court in its judgment entry for involuntary manslaughter were the correct sentences.

We reject appellant's arguments but, nonetheless, sustain the assignments of error on other grounds. We conclude that appellant was sentenced unlawfully on both counts, each of which we will consider separately.

Count one of the indictment charged appellant with aggravated robbery with two prior offense specifications, to all of which appellant pled guilty. Pursuant to R.C. 2929.11 (B)(1)(b), the trial court was thus empowered to sentence appellant to a minimum term of ten, eleven, twelve, thirteen, fourteen or fifteen years to a maximum term of twenty-five years of imprisonment. In open court, appellant was sentenced to a minimum term of ten years to a maximum term of twenty-five years. However, in its judgment entry, the trial court sentenced appellant to a minimum term of fifteen years to a maximum term of twenty-five years. While these sentences both fall within the statutory range authorized by R.C. 2929.11(B)(1)(b) the fact remains that the trial court nonetheless imposed a greater sentence in its judgment entry than it had in open court.

In *State v. Butler* (1974), 44 Ohio App. 2d 177 (paragraph one of the syllabus), we found that:

"A sentence pronounced in open court, though not formalized by journal entry, may not be vacated or amended, even though the defendant has not satisfied or suffered any part of the punishment thereunder, unless the revocation or amendment is formalized by journal entry."

In *Columbus v. Rowland* (1981), 2 Ohio App. 3d 144 (syllabus), the court held that:

"Crim. R. 43 (A)[1] specifically requires that the defendant be present at every state of the proceedings, including the imposition of sentence, and this applies where one sentence is vacated and a new sentence imposed."

Our review of the record discloses no journal entry of the trial court vacating or amending its open court sentence. Further, the trial court did not confront appellant to impose the modified sentence. Rather, the trial court, without explanation, merely imposed a different sentence in its fournal entry. Accordingly, we find the trial court's sentencing of appellant to have been in violation of Crim. R. 43 (A) and our holding in *Butler, supra,* and thus unlawful.

Count two of the indictment charged appellant with involuntary manslaughter with no prior offense specifications. Pursuant to R.C. 2929.11 (B)(1)(a) the court was thus empowered to sentence appellant to a minimum term of five, six, seven, eight, nine or ten to a maximum term of twenty-five years of imprisonment.

In open court the trial court sentenced appellant to a minimum term of fifteen to a maximum term of twenty-five years, which being in excess of the discretionary range provided by R.C. 2929.11 (B)(1)(a), was clearly unlawful. In its journal entry, the trial court sentenced appellant to a minimum term of ten to a maximum term of twenty-five years of imprisonment which was within the discretionary range in R.C. 2929.11 (B)(1)(a).

Again, as in count one discussed above, the record contains no journal entry vacating the trial court's unlawful sentence imposed in open court. Further, appellant was not brought before the court to be resentenced as required by Crim.R. 43 (A). See *Rowland, supra.* We conclude that appellant was unlawfully sentenced on both counts to which he pled guilty.

In sum, it is uncontroverted that the sentence imposed by the trial court in open court and that formalized in its journal entry are inconsistent. Numerous reasonable theories can be offered as to the cause of this inconsistency and thus the trial court's actual intent. As well reasoned as these theories may be they remain, in the end, the product of speculation. Accordingly, we conclude that justice will be best served by remanding the cause for resentencing. This will result in a lawful sentence arising not from our speculation but rather from the trial court's statutory discretion. Accordingly, appellant's second assignment of error is well taken and is sustained. We vacate the judgment of the trial court sentencing appellant and remand the cause for resentencing consistent herewith.

*Judgment reversed.*

SHAW, P.J., concurs.

GUERNSEY, J., concurring in part and dissenting in part:

I dissent from so much of the majority opinion and judgment as would permit the trial court to reconsider and reimpose the sentence for the crime of aggravated robbery with possible changes in its limits. The sentence for that crime pronounced in open court was a valid sentence within statutory limits, and, in my view, once pronounced in open court could not be changed. See *State v. Butler* (1974), 44 Ohio App. 2d 177, motion to certify overruled March 28, 1975. See also *State v. Boyd* (1972), 30 Ohio St. 2d 64. The only error involved as to that

sentence was its memorialization in the court's journal entry, which error may be corrected by correction of the journal entry. I know of no authority for setting aside and reconsidering a valid sentence for one crime by reason of the invalidity of the sentence pronounced for another. I concur in so much of the opinion and judgment otherwise.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

---

[1] Crim. R. 43(A) provides as follows:

"The defendant shall be present at the arraignment and every stage of the trial, including the empaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes.