DECISION AND JOURNAL ENTRY
Defendant, James Teets, has appealed from his sentence as imposed by the Medina County Court of Common Pleas. We affirm.
On October 23, 1998, Defendant was indicted for one count of murder, in violation of R.C. 2903.02(A); one count of involuntary manslaughter, in violation of R.C. 2903.04(A); one count of attempted murder, in violation of R.C. 2923.02(A); three counts of felonious assault, in violation of R.C. 2903.11(A); and three counts of complicity to commit felonious assault, in violation of R.C. 2923.03(A)(2). On August 2, 1999, pursuant to a plea bargain Defendant pled guilty to all counts as charged in the indictment with the exception of the murder charge which was subsequently dismissed. A sentencing hearing was held at that time; however, the sentence announced in open court on August 2, 1999, was never journalized. Following the sentencing hearing, but prior to journalization of the sentence of Defendant, the trial court discovered an error in the sentence. On August 6, 1999, the trial court held a hearing in which it explained to the State and Defendant the mistake that had occurred. It then gave Defendant the options of withdrawing his guilty plea and proceeding to trial, re-entering negotiations with the State and changing the plea, or proceeding to sentencing under the original plea agreement. After consultation with counsel, Defendant chose to proceed to sentencing under the original plea agreement. On August 27, 1999, Defendant was sentenced to twelve years incarceration. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The court erred when it re-sentenced [Defendant] after imposing a valid sentence in violation of [Defendant's] right not to be twice placed in jeopardy for the same offense as guaranteed by the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
Defendant has alleged that when the trial court imposed a sentence upon him on August 27, 1999, the trial court violated the double jeopardy provisions of the United States and Ohio Constitutions by sentencing him twice for the same crime. We disagree.
The Double Jeopardy Clause of the Fifth Amendment prohibits the courts from subjecting a criminal defendant to multiple punishments for the same offense. N. Carolina v. Pearce (1969),395 U.S. 711, 717, 23 L.Ed.2d 656, 665. The double jeopardy provisions also prohibit a trial court from modifying a sentence once it has commenced. Columbus v. Messer (1982), 7 Ohio App.3d 266,268. Thus, while "a sentence does not have the qualities of constitutional finality that attend an acquittal[,]" United Statesv. DiFrancesco (1980), 449 U.S. 117, 134, 66 L.Ed.2d 328, 344, courts have no authority to reconsider valid, final judgments in criminal cases. See Cleveland Hts. v. Richardson (1983), 9 Ohio App.3d 152,153-154.
Courts may increase sentences when the sentence does not constitute a final order. Brook Park v. Necak (1986), 30 Ohio App.3d 118,119, citing Columbus v. Messer, supra. This Court has previously noted that a court speaks only through its journal entries. State v. Ismail (Aug. 21, 1991), Summit App. No. 15007, unreported, at 2. Thus, an oral pronouncement of sentence in open court does not meet this rule. Id. In Ismail, this Court went on to note that "[w]here there has been no journalization of the sentence, a sentence announced in open court may be amended without formal journal entry." Id. at 2-3, citing State v. Harris
(1981), 2 Ohio App.3d 48, 49.
In this matter the original sentence pronounced from the bench on August 2, 1999, was never journalized. Therefore, the statements of the trial court regarding Defendant's sentence on that date did not constitute a final order. Because the sentence originally pronounced was not a final order, the trial court did not err when it subsequently entered a final sentencing order. Defendant's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P.J., WHITMORE, J., CONCUR.