DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Ronald Overstreet, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to a term of imprisonment of seven years. This Court affirms.
 I. {¶ 2} Appellant was indicted for one count of assault of a police officer in violation of R.C. 2903.13(A), three counts of burglary in violation of R.C. 2911.12(A)(3), one count of receiving stolen property in violation of R.C. 2913.51(A), one count of carrying concealed weapons in violation of R.C. 2923.12, one count of aggravated menacing in violation of R.C. 2903.21, and one count of resisting arrest in violation of R.C. 2921.33(A). Appellant pled not guilty and the case proceeded accordingly. In a supplemental indictment, appellant was charged with one count of vandalism in violation of R.C. 2909.05(B)(2).
 {¶ 3} On October 7, 2002, appellant, pursuant to an agreement with the State, pled guilty to attempted assault of a police officer, three counts of burglary, and agreed to plea guilty to vandalism in the supplemental indictment. The State dismissed the remaining counts of the indictment. The trial court accepted appellant's guilty pleas, found him guilty of the corresponding offenses, and ordered a victim impact statement. The trial court set a sentencing hearing for October 21, 2002, and indicated that appellant would be arraigned on the vandalism charge at that time.
 {¶ 4} On October 21, 2002, the trial court arraigned appellant on the vandalism charge. After being informed of his Crim.R. 11 rights, appellant pled guilty to the vandalism charge. The trial court accepted appellant's guilty plea, and the case proceeded to sentencing. After reviewing the victim impact statement, the trial court sentenced appellant to a total term of imprisonment of five years. In sentencing appellant, the trial court found that he had committed one of the worst forms of the crime of burglary and that no one prison sentence could justify what happened to the victims.
 {¶ 5} At the conclusion of the pronouncement of his sentence, appellant stated: "You Bitch." The trial court then indicated it was going to resentence appellant based on his conduct. The trial court asked the appellant if he wished to say anything further before he was resentenced, and appellant made several comments to the court. Before resentencing appellant, the trial court reviewed appellant's criminal record and the numerous violations appellant had committed while incarcerated. Based upon his prior record and his conduct before the trial court, the court resentenced appellant to a total term of imprisonment of seven years.
 {¶ 6} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The sentence was contrary to law."
 {¶ 7} Appellant argues that the sentence imposed by the trial court was contrary to law because the trial court improperly enhanced the defendant's sentence after initial sentencing and threatened to enhance it further after a rude comment by defendant at sentencing, thus violating the principles of sentencing as defined by R.C. 2929.11. Appellant further contends that the enhanced sentence was a result of the trial court's reaction to his elocution, and the threat of a greater sentence improperly chilled his rights to elocution, free speech and due process of law. This Court disagrees.
 {¶ 8} Appellant argues that his sentencing was complete before the trial court enhanced his sentence. However, this Court has held that a trial court only speaks through is journal entry and a court may amend a sentence before it is journalized:
"Courts may increase sentences when the sentence does not constitute a final order. Brook Park v. Necak (1986), 30 Ohio App.3d 118, 119,506 N.E.2d 936, citing Columbus v. Messer, supra. This Court has previously noted that a court speaks only through its journal entries.State v. Ismail (Aug. 21, 1991), 1991 Ohio App. LEXIS 4009, Summit App. No. 15007, unreported, at 2. Thus, an oral pronouncement of sentence in open court does not meet this rule. Id. In Ismail, this Court went on to note that `where there has been no journalization of the sentence, a sentence announced in open court may be amended without formal journal entry.' 1991 Ohio App. LEXIS 4009 at *3, citing State v. Harris (1981),2 Ohio App.3d 48, 49, 440 N.E.2d 572.
"In this matter the original sentence pronounced from the bench on August 2, 1999, was never journalized. Therefore, the statements of the trial court regarding Defendant's sentence on that date did not constitute a final order. Because the sentence originally pronounced was not a final order, the trial court did not err when it subsequently entered a final sentencing order. Defendant's assignment of error is overruled." State v. Teets (Sept. 20, 2000), 9th Dist. No. 3022-M.
 {¶ 9} In the case sub judice, the trial court amended appellant's sentence before it was journalized. Therefore, the trial court did not enhance appellant's sentence after he was originally sentenced.
 {¶ 10} Appellant argues that his enhanced sentence was a product of vindictiveness on behalf of the trial court. However, a review of the record shows that there was overwhelming evidence to support imposition of the maximum sentence based upon appellant's criminal record and his conduct before the trial court.
 {¶ 11} The trial judge indicated in her sentencing entry that she considered the record, oral statements, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The trial judge also set forth her findings pursuant to R.C. 2929.13(B). The trial court was not required to consider the minimum sentence under R.C. 2929.14(B) because appellant had previously served a prison term in 1998.
 {¶ 12} R.C. 2929.14(C) provides that the trial court must find an offender falls under one of the following four categories before it may impose a maximum sentence: offenders who commit the worst forms of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders under R.C. 2929.14(D)(3), or certain repeat violent offenders in accordance with R.C. 2929.14(D)(2). The trial court explained in its entry: "The Court rendered the maximum sentence of five (5) years on the Burglary counts concurrently because this offender poses the greatest likelihood of committing future crimes." With regard to the sentences for attempted assault on a police officer and vandalism, the court stated: "Maximum sentences were handed out for the same reasons as stated above as the offender posed the greatest likelihood of committing future crimes under R.C. 2929.14(C)." Moreover, a trial court may consider a defendant's conduct before the court in regard to his prospects for rehabilitation. See State v. Shirley, 9th Dist. No. 20569,2002-Ohio-31.
 {¶ 13} Finally, the trial court stated its reasons for imposing consecutive sentences pursuant to R.C. 2929.14(E).
 {¶ 14} Given the above, this Court cannot conclude that the sentence imposed by the trial court was contrary to law. Appellant's sole assignment of error is overruled.
 III. {¶ 15} The decision of the Summit County Court of Common Pleas if affirmed.
Judgment affirmed.
SLABY, P.J. and BAIRD, J. concur.