The STATE of Ohio, Appellee,

v.

BELL, Appellant.

[Cite as *State v. Bell* (1990), 70 Ohio App.3d 765.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57779.

Decided Dec. 24, 1990.

*John T. Corrigan,* Prosecuting Attorney, for appellee.

*Patricia A. Snyder,* for appellant.

PATTON, Chief Judge.

Defendant-appellant Wayne Bell appeals from his conviction of felonious assault with a gun specification. At trial, the following evidence was adduced:

Lawrence Richey lived in an apartment on the second floor of a six-family dwelling. The defendant lived in the apartment directly above Richey. On the day of the shooting Richey was installing a radio in his car which was parked in a yard next to his driveway. While he was installing the radio, William House, a friend of Richey, arrived to lend a hand.

When the radio installation was complete, Richey and House walked toward the apartment building. The defendant exited the building and shot Richey after exchanging a few words with him. According to Richey as the defendant approached him, Richey asked defendant, "Did he have something to say to me?" House recalled that as the defendant walked out of the building, he said, "You think that is funny," and Richey responded that he did.

Both Richey and House testified that the defendant was carrying a gym bag from which he removed a .38 caliber handgun. Richey recalled that as the defendant removed the gun from his bag, he repeated the phrase, "So it is funny." Richey and House testified that the defendant pulled the trigger twice. The gun failed to fire the first time, but fired the second time, striking Richey. Richey ran upstairs to inform his wife that he had been shot. House observed the defendant walk down the driveway, then up the street. House later took Richey to the hospital.

Cleveland Police Officer Francis Friedel testified that he and his partner responded to a report of a shooting. Upon arriving at the scene the officers were met by a woman who told them that the victim had been taken to the hospital. The woman also gave the officers a description of the man who had allegedly done the shooting.

The officers toured the area and found the defendant standing on a street corner one block northwest of his apartment. The defendant admitted he had shot someone, but said he had blacked out after the shooting. The officers arrested the defendant, but did not find the gun or bag he had been carrying.

The defendant testified on his own behalf. He stated that Richey was a heavy cocaine user who became volatile when under the influence of drugs. The defendant also described three incidents in which Richey threatened the defendant with a gun. The first incident occurred a few months prior to the instant shooting. After arguing, Richey and the defendant returned to their respective apartments. Richey later knocked on the defendant's door. When the defendant looked through his peephole, he saw that Richey was holding a .25 caliber handgun.

A few weeks later the defendant, while at his girlfriend's across the street, was approached by Richey. Richey was carrying a gun and allegedly threatened to shoot the defendant for comments the defendant had made about him.

Finally, three days prior to the shooting, Richey pulled a gun on the defendant and accused him of "being by his daughter."

On September 27, 1988, the defendant testified he was leaving his apartment building to go across the street to his girlfriend's. He had seen Richey in the parking lot from his apartment window. The defendant was carrying a gun in his gym bag for his own protection. The defendant testified that Richey called him names and was acting aggressively as he was walking out of the apartment. The defendant stated that he shot Richey because he thought Richey was going to pull a gun and he feared for his life.

The jury found the defendant guilty of felonious assault with a gun specification. The defendant assigns two errors for our review.

I.

In his first assignment of error, defendant alleges:

"Appellant was deprived of his right to effective assistance of counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution."

Defendant sets forth eight instances of ineffective assistance. He contends that defense counsel's failure to raise objections, coupled with the inadequate

presentation of the defense case rendered his representation ineffective and denied him his right to a fair trial.

The federal test for determining whether a defendant was denied the effective assistance of counsel as required by the Sixth Amendment to the United States Constitution is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693. The burden is on the defendant to show that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* A court may dispose of an ineffectiveness claim on the ground of lack of sufficient evidence or prejudice before examining whether counsel's performance was deficient. *Id.* at 695–697, 104 S.Ct. at 2069–2070, 80 L.Ed.2d at 698–699.

■ The standard in Ohio for determining the effectiveness of counsel is nearly identical to the standard announced in *Strickland*. The test in Ohio is "whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. In applying this test, the court must determine whether an essential duty owed by defense counsel has been substantially violated and whether such violation prejudiced the defense. *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 497–498, 358 N.E.2d 623, 626, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154; see *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 4 OBR 580, 448 N.E.2d 452. Appellant has the burden of proof since a properly licensed attorney in Ohio is presumed competent. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

In addition, this court must accord deference to defense counsel's strategic choices made during trial. *Strickland v. Washington, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

■ Defendant initially suggests he was prejudiced by defense counsel's failure to bifurcate the aggravated felony specification set forth in the indictment. R.C. 2941.142 provides the defendant "may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing." In the instant case, the defendant chose to testify. In light of the fact that the defendant chose to testify, it was not unreasonable to forgo bifurcation since evidence of the defendant's prior convictions would be admissible as to his credibility. As such, the defendant's first claim of ineffective assistance is without merit.

■ Secondly, defendant claims "during his voir dire of the jury, defense counsel informed the jury of details of the appellant's criminal record which otherwise would [*sic*] have been admissible." Defense counsel's act of informing the jury of the defendant's admissible criminal record was not unreasonable. The admission constituted reasonable trial strategy. As such, the defendant's second claim of ineffective assistance is without merit.

■ Thirdly, defendant contends that defense counsel's opening argument violated his right to counsel due to the fact that "defense counsel said nothing about the facts or evidence in the instant case." We are unable to conclude that the outcome of the trial would have been different had defense counsel referred to the facts or evidence in his opening statement. Furthermore, the testimony and evidence adduced at trial was more than sufficient to support the defendant's conviction for felonious assault with a gun specification. Thus, defendant's third claim of ineffective assistance is without merit.

■ Defendant's fourth claim of ineffective assistance of counsel involves the failure of defense counsel to object to certain aspects of the victim's testimony. Specifically, defendant refers to the victim being allowed to testify on direct examination that he had seen the defendant peeking into his apartment a few days prior to the shooting, and defense counsel's further development of the peeking incident on cross-examination of the victim. He also refers to hearsay testimony concerning this incident.

This court cannot conclude that the failure of defense counsel to object to testimony surrounding the insignificant peeking incident so prejudiced the defendant that he was denied a fair trial. Absent testimony about the peeking incident, sufficient evidence and testimony was adduced at trial to support the defendant's conviction for felonious assault with a gun specification. As such, defendant's fourth claim is without merit.

■ Defendant's fifth claim involves the direct examination of defendant in which details of defendant's criminal record and welfare status were elicited. Clearly, the direct examination of the defendant by defense counsel regarding the defendant's admissible criminal record was a strategic choice which cannot now be examined through hindsight. *Strickland v. Washington, supra.* Also, the fact that it was revealed the defendant was on welfare did not so prejudice the defendant as to deny him a fair trial.

Therefore, defendant's fifth claim of ineffective assistance is without merit.

In his sixth claim, defendant asserts that he was denied effective assistance by counsel's failure to renew his Crim.R. 29 motion at the conclusion of all evidence.

A review of the trial court's entries reveals that defense counsel renewed the Crim.R. 29 motion at the close of defendant's case. The journal entry reveals that prior to closing arguments, the trial court denied the defendant's Crim.R. 29 request. Thus, defendant's sixth claim of ineffective assistance is without merit.

■ Defendant's seventh contention of ineffective assistance involves defense counsel's failure to request an instruction on the lesser included offense of aggravated assault.

R.C. 2903.11 defines felonious assault as follows:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree."

R.C. 2903.12 defines aggravated assault as follows:

"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree."

In *State v. Clark* (1988), 38 Ohio St.3d 252, 527 N.E.2d 844, the Supreme Court of Ohio indicated that an instruction on a lesser included offense should only be given where the evidence warrants such an instruction.

We conclude that a jury charge on aggravated assault was not warranted in the instant case. The record fails to reveal that the defendant was under the influence of sudden passion or in a sudden fit of rage brought on by serious provocation reasonably sufficient to incite him into using deadly force. The defendant's own testimony indicates that as he was walking out of the apartment, the victim of the shooting called him names and was acting aggressively. The defendant has failed to allege sufficient facts to warrant an instruction on aggravated assault. Had the defendant requested a jury

instruction on aggravated assault, it would have been properly denied by the trial court. Therefore, defense counsel was under no duty to request an instruction on aggravated assault, and the defendant's seventh claim of ineffective assistance is without merit.

■ Defendant's eighth and final contention is that the trial court failed to properly instruct the jury on the limited purpose of evidence of a prior conviction. The trial court instructed the jury, in part, as follows: "There was some evidence in this case of other convictions. As it relates to evidence of other convictions, they may be considered in determining the credibility of that particular witness." The trial court did not further instruct the jury that such evidence may not be considered for any other purposes.

In light of the overwhelming evidence of defendant's guilt, we are not persuaded that the trial court's failure to indicate that evidence of other convictions was to be used for no other purposes so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Therefore, we find the defendant's eighth claim of ineffective assistance to be without merit.

Having found that defendant's eight claims of ineffective assistance of counsel are without merit results in the finding that the defendant's first assignment of error is without merit.

## II.

■ In his second assignment of error, defendant alleges:

"The trial court erred and violated appellant's right to due process of law by journalizing an entry which increased appellant's sentence on the felonious assault charge to twelve to fifteen years when it had pronounced in open court a sentence of eight to fifteen years for the same offense."

In the present case, the transcript of proceedings states as follows:

"THE COURT: It will be the sentence of this court that you will be sentenced to a term of not less than eight to fifteen years on the felonious assault charge. You will also receive, consecutive to that, a three year sentence on the gun specification charge."

The journal entry of sentencing, however, indicated that defendant had been sentenced "for a term of twelve (12) to fifteen (15) years on felonious assault charge * * *." This entry was filed on April 20, 1989.

Defendant argues that the trial court may not increase a sentence until it has vacated its prior sentence. Further, he argues that a defendant must be present when one sentence is vacated and a new sentence is imposed. Defendant's argument has merit.

 In order to modify a sentence pronounced in open court, it is necessary for the modification to be formalized in a journal entry, even though the original sentence was not. *State v. Sweeney* (Apr. 1, 1982), Cuyahoga App. No. 43810, unreported, 1982 WL 5274; *State v. Butler* (1974), 44 Ohio App.2d 177, 73 O.O.2d 196, 337 N.E.2d 633. Furthermore, the trial court does not possess statutory authority to increase a lawful sentence after the defendant has served part of that sentence. *Brookpark v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936. In the present case the judgment entry filed on April 20, 1989, failed to indicate that a different sentence had previously been imposed in open court and was subsequently vacated. Therefore, the modified sentence as stated in the judgment entry is ineffective and invalid. *State v. Sweeney, supra; State v. Butler, supra.*

 Furthermore, Crim.R. 43(A) provides in pertinent part as follows:

"The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence. * * * "

It has been held that Crim.R. 43(A) applies when one sentence is vacated and a new sentence is imposed. *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 145, 2 OBR 158, 159–160, 440 N.E.2d 1365, 1366–1367.

We agree that Crim.R. 43(A) requires the physical presence of a defendant during sentencing. Review of the record fails to reveal that the defendant was present during imposition of the twelve- to fifteen-year sentence. It does, however, reveal that defendant was present during imposition of the eight- to fifteen-year sentence. In this regard the trial court's imposition of the eight- to fifteen-year sentence complied with Crim.R. 43 mandates, while the imposition of the twelve- to fifteen-year sentence did not.

Accordingly, under the authority of App.R. 12(B), we hereby reinstate the sentence of eight to fifteen years. The trial court's judgment entry as filed for journalization on April 20, 1989 reads in part as follows:

"It is ordered by the Court that defendant Wayne C. Bell be sentenced to the Correctional Reception Center, Orient, Ohio, for a term of twelve (12) to fifteen (15) years on felonious assault charge, twelve (12) years actual time and three (3) years mandatory on the gun specification, to run consecutive."

This part of the trial court's journal entry is amended and judgment of sentence is modified to read as follows:

"It is ordered by the court that defendant Wayne C. Bell be sentenced to the Correctional Reception Center, Orient, Ohio, for a term of eight (8) to fifteen (15) years on felonious assault charge, eight (8) years actual time and three (3) years mandatory on the gun specification, to run consecutive."

The judgment of the trial court is thus modified and affirmed as modified. This cause is remanded to the trial court with instructions to direct the Clerk of Courts to forward a certified copy of this journal Entry to the institution to which defendant is sentenced.

*Judgment accordingly.*

ANN McMANAMON and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.