CITY OF CLEVELAND, Appellee,

v.

CLEMONS, Appellant.

[Cite as *Cleveland v. Clemons* (1993), 90 Ohio App.3d 212.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63708.

Decided Sept. 13, 1993.

*Lynn A. McLaughlin,* Assistant City Prosecutor, for appellee.

*Law Office of John W. Hickey* and *Jane Varga,* for appellant.

JOHN V. CORRIGAN, Judge.

Defendant-appellant, Kenny Clemons, appeals from the judgment of the Cleveland Municipal Court, which amended his original probation conditions in open court absent his presence. The amended conditions required a random drug test. When appellant failed the test on the second attempt, the court imposed his original sentence. Clemons assigns for error the modification of his original probation conditions outside his presence. Based on the reasons adduced below, we sustain Clemons's assignment of error.

On September 16, 1991, Clemons appeared in the Cleveland Municipal Court and entered a plea of not guilty to the charge of carrying a concealed weapon. Clemons was arrested after assaulting a victim and pulling a knife on him. On October 23, 1991, Clemons appeared in court and entered a plea of guilty to an amended charge of failure to secure a dangerous ordnance, Cleveland Codified Ordinances 627.05.

On November 13, 1991, Clemons appeared in open court for sentencing. He was sentenced to ninety days in jail and fined $150, plus court costs. Jail time was suspended. Clemons was placed on probation for one year.

On February 3, 1992, the court, in open court, pronounced that, at the request of the probation department, Clemons would have an additional condition added to his probation: "That condition will be each defendant is ordered to submit to alcohol and/or drug abuse testing provided to them by the Cleveland Municipal Court Probation Department, and it is so ordered." The court had before it a list of defendants' names, all of whom were subject to this probation amendment. Neither Clemons nor any of the other defendants were present at court.

On February 5, 1992, Clemons appeared before his probation officer and was informed of the drug test to be done and submitted to the drug screen. Clemons was informed, at that time, that he would have to take another drug test on March 4, 1992. After testing positive at the second testing, a probation violation hearing was held. Clemons was found in violation of probation, and his original sentence was ordered into execution.

It is from this probation violation that Clemons appeals.

■ Clemons argues in his sole assignment of error that the trial court improperly added a condition to his probation. Clemons contends that the court violated Crim.R. 43(A) by imposing the additional condition in open court without his presence. Crim.R. 43(A) provides:

"Defendant's presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *."

■ Under Crim.R. 43(A), a defendant is required to be present at the arraignment and every stage of the trial, including the return of the verdict and the imposition of a sentence. *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 2 OBR 158, 440 N.E.2d 1365. Crim.R. 43(A) is applicable when sentence is vacated and a new sentence is imposed. *State v. Bell* (1990), 70 Ohio App.3d 765, 592 N.E.2d 848.

In *State v. Bell*, the defendant was sentenced to an indeterminate term of eight to fifteen years in open court. The journal entry, however, indicated that defendant had been sentenced " 'for a term of twelve (12) to fifteen (15) years on [the] felonious assault charge * * *.' " 70 Ohio App.3d at 772, 592 N.E.2d at 852. On appeal, our court reversed the trial court and imposed the original sentence handed down in open court, holding that Crim.R. 43(A) requires the physical presence of a defendant during sentencing.

In the within case, the court did not vacate the original sentence and impose a new sentence; rather, in open court, the trial court amended the original sentence, imposing an additional condition, that of drug testing. We find, however, that this imposition of the additional condition, pursuant to Crim.R. 43(A), required the physical presence of defendant. *State v. Bell.*

The city of Cleveland asserts that Clemons's rights were not violated since he was aware of the requirement of drug testing because he signed a form with the probation department which informed him what the general condition of his probation would be. Further, Cleveland posits that the municipal court's administrative judge had submitted a judgment entry in September 1991, which ordered that "all persons subject to probationary supervision may be required to submit to drug testing, without prior notice * * *." These are strong arguments, but we are not persuaded.

■ We find that the form Clemons signed and the court's judgment entry did not give him actual notice of the drug testing. Cf. *State v. Alvarado* (Feb. 20, 1992), Cuyahoga App. No. 62234, unreported, 1992 WL 30978. Hence, we conclude that Crim.R. 43(A) requires the court, when amending the terms of probation in open court, to do so in the physical presence of the defendant. To do otherwise would defeat the requirements of notice and due process. *State v.*

*Bell; State v. Greulich* (1988), 61 Ohio App.3d 22, 572 N.E.2d 132; *United States v. Benz* (1921), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

Accordingly, the judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, C.J., and NAHRA, J., concur.

JOHN V. CORRIGAN, retired, of the Eighth Appellate District, sitting by assignment.