JOURNAL ENTRY AND OPINION
This appeal raises the issue of whether the June 13, 2000 journalized order is valid, when it extended appellant Anthony Ogletree's sentence for community control sanctions to March 29, 2001. Ogletree argues the trial court lost jurisdiction over him when his controls ended, citing Rash v. Anderson (1997), 80 Ohio St.3d 349, 686 N.E.2d 505. The appellee State of Ohio argues Ogletree's two-year controls would have expired on November 3, 1999; however, the trial court's September 21, 1999 journalized order extended the controls. The appellee argues this extension retained jurisdiction over Ogletree and all of the time tolled when Ogletree absconded from the jurisdiction on March 14, 2000.
The trial court apparently felt it had retained jurisdiction over Ogletree by its September 21, 1999 order extending his controls to March 29, 2000. The trial court had issued a capias for Ogletree on March 14, 2000, and he was arrested on March 25, 2000. He appeared before the trial court on June 9, 2000; case continued to June 12, 2000 for hearing. At the hearing, Ogletree argued the trial court lost jurisdiction over him when the March 29, 2000 controls lapsed. By its June 13, 2000 order, the trial court appeared unpersuaded and continued the controls to March 29, 2001; Ogletree appealed assigning the following assignment of error for our review:
 THE TRIAL COURT LACKED JURISDICTION TO HOLD APPELLANT ANTHONY OGLETREE IN VIOLATION OF HIS COMMUNITY CONTROL SANCTIONS BECAUSE THE PERIOD OF COMMUNITY CONTROL SANCTIONS HAD EXPIRED.
Having reviewed the arguments of the parties and the relevant law, we reverse the judgment of the trial court.
The journalized records in this case reveal a determinative factor which we cannot ignore. The journal entry dated September 21, 1999, which purports to extend the controls to March 29, 2000, shows Ogletree was not physically present in court for this first extension of his sentence. In fact, it does not show any action other than the journal entry. The trial court's journal entry states the following: Sanctions extended to March 29, 2000. No further extensions. Reporting drug testing done monthly.
Before we address the impact of the above fact on this case, we must resolve the question of whether this appeal is moot. The trial court's June 13, 2000 journal entry, the second extension of Ogletree's sanctions, was scheduled to expire on March 29, 2001. Since this time has expired, the initial inquiry is whether this appeal is moot. We reach this issue because Ogletree failed to file a motion to stay the sentence. An appeal challenging the sentence or finding of a probation violation of an underlying felony conviction is not moot, even if the sentence has been served. See State v. Williams (2000), Ohio App. LEXIS 1367 (March 30, 2000), Cuyahoga App. No. 76090, unreported. Therefore, this appeal is not moot.
The historical case law that interprets Crim.R. 43, states defendant shall be present at * * * every stage of the trial, including * * * the imposition of sentence. See State v. Bell (1990), 70 Ohio App.3d 765,592 N.E.2d 848; State v. Calvillo (1991), 76 Ohio App.3d 714,603 N.E.2d 325; State v. Carpenter (1996), Ohio App. LEXIS 4434; City of Cleveland v. Clemons (1993), 90 Ohio App.3d 212, 628 N.E.2d 141; State v. Giffin (1998), 131 Ohio App.3d 696, 723 N.E.2d 606; State v. Ranieri (1992), 84 Ohio App.3d 432, 616 N.E.2d 1191; State v. Walton (1990),66 Ohio App.3d 243, 583 N.E.2d 1106; State v. Wilson (1996), Ohio App. LEXIS 1798.
In Bell, this court specifically stated the physical presence of a defendant during sentencing is mandated. Moreover, this court in Bell reviewed the record and found the record failed to reveal that the defendant was present for the new sentence.
In a case similar to the case at hand, City of Cleveland v. Clemons, the trial court amended the original sentence to impose an additional condition, drug testing, without the physical presence of the defendant; this court reversed the trial court and held imposition of an additional condition required the physical presence of the defendant.
Ordinarily, we would return this matter to the trial court for re-sentencing; however, since the sanctions have expired, we reverse. Where a period of community control sanctions has ended, the trial court loses its jurisdiction to find that a defendant is in violation of terms thereof and to impose further terms. Rash v. Anderson, supra. Accordingly, when the trial court, as in this case, attempted to extend Ogletree's controls without him being in open court on September 21, 1999, it ran afoul of Crim.R. 43. Thus, the controls lapsed on November 3, 1999. An extension of a sentence is tantamount to re-sentencing.
Because we resolve this case on the issue of the expiration of the sanctions, we find it unnecessary to address the tolling issue.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCUR; TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE: