OPINION
{¶ 1} This is a delayed appeal from the judgment of the Monroe County Court of Common Pleas wherein the Court resentenced Dennis Marks ("Appellant") to consecutive terms of five years for burglary and eighteen months for felony theft. Appellant argues that he was resentenced improperly, that our order remanding this case entitled him to a new sentencing hearing, that his counsel was ineffective for not objecting to the procedure the court employed in attempting to comply with this Court's order, and that the trial court erred when it issued a nunc pro tunc order reflecting its modified findings on resentencing. For the following reasons, we affirm the judgment entered by the trial court, but modify the journal entry to remove its nunc pro tunc designation as well as any language pertaining to the potential imposition of statutory "bad time".
 {¶ 2} After a jury found Appellant guilty of felony theft and burglary, the trial court sentenced him to five years of incarceration for burglary and eighteen months for theft, the maximum terms allowed by law. The court also directed that those sentences should be served consecutively.
 {¶ 3} Appellant appealed his conviction and sentence to this Court. In State v. Marks, 7th Dist. No. 823, 2001-Ohio-3300, we affirmed in part, reversed in part and remanded the matter for resentencing. We did so because when the trial court imposed a prison term for theft, in this case a fourth degree felony, it failed to make the requisite findings on the record pursuant to R.C. 2929.13(B)(1).
 {¶ 4} On remand, the trial court addressed the deficiency during a telephone conference with Appellant's counsel and the prosecutor. Appellant contends that he was unaware that such a "conference" took place until after he received a copy of a modified sentencing order entered nunc pro tunc and filed that same day.
 {¶ 5} Appellant now appeals from that order and raises the three following assignments of error:
 {¶ 6} "The trial court erred and denied Mr. Marks due process by failing to resentence Mr. Marks at a hearing at which Mr. Marks was present and by resentencing Mr. Marks with a nunc pro tunc entry. (August 28, 2001 Nunc Pro Tunc Entry).
 {¶ 7} "Mr. Marks was denied his constitutional right to a resentencing in open court. (Entry of August 14, 2001; copy of letter from court reporter filed in the appellate record on January 15, 2002; August 28, 2001 Nunc Pro Tunc Entry).
 {¶ 8} "Trial counsel was ineffective for failing to object to the improper resentencing of Mr. Marks. (Entry of August 14, 2001; copy of letter from court reporter filed in the appellate record on January 15, 2002; August 28, 2001 Nunc Pro Tunc Entry)."
 {¶ 9} As these assignments of error all involve the same general issue, they are most efficiently addressed together.
 {¶ 10} Appellant contends the trial court violated his constitutional right to due process by failing to hold a hearing in open court after we remanded the matter for the trial court to resentence or modify its order to reflect that it had, in fact, made the findings necessary under R.C. 2929.13(B). As we noted in our previous decision, when the trial court sentences a person convicted of a fourth or fifth degree felony, the record must affirmatively demonstrate that it considered the following factors:
 {¶ 11} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 12} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 13} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 14} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 15} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 16} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 17} "(g) The offender previously served a prison term.
 {¶ 18} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 19} "(i) The offender committed the offense while in possession of a firearm." R.C. 2929.13(B)(a) through (i).
 {¶ 20} Appellant maintains that when this Court remanded his case for resentencing, we were directing the trial court to modify his sentence, and not just to modify the entry. According to Appellant, therefore, due process considerations and Crim.R. 43(A) required his presence in court at the time of the modification. State v. Coach (May 5, 2000), 1st Dist. No. C-990349; State v. Carpenter (Oct. 9, 1996), 1st Dist. No. C-950889; State v. Bayer (1995), 102 Ohio App.3d 172,656 N.E.2d 1314; and State v. Jones (Mar. 18, 1999), 10th Dist. No. 98AP-639. Appellant further ventures that because he was not in court when the court made its modifications, he is now entitled to an entirely new sentencing hearing. Appellant's argument reveals that he has misconstrued the nature of our order in Marks I.
 {¶ 21} When this Court remanded the matter, we did so to enable the trial court to satisfy the statutory requirements of R.C. 2929.13(B). We left to the trial court's discretion the manner in which such a goal was to be ultimately accomplished. The trial court's handling of our directive was entirely consistent with the provisions of R.C.2953.08(G)(1).
 {¶ 22} Effective October 10, 2000, the General Assembly rewrote the above section, which sets forth the parameters for our review of sentencing decisions generally, to require as follows:
 {¶ 23} "If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13 * * * of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court to state, on the record, the required findings."
 {¶ 24} We further note that the trial court's modified order did not change the sentence originally imposed by the trial court. Rather, in issuing the modified order, the trial court indicated that it had considered the required factors at the time of the original sentencing and concluded that a term of imprisonment was required on the fourth degree felony theft count. (Jan. 2, 2002, Judgment Entry, p. 2). Neither due process nor Crim.R. 43 requires Appellant's presence for such a ministerial and nonsubstantive undertaking.
 {¶ 25} A defendant has a, "fundamental right to be present at all critical stages of his trial." State v. Hill (1995), 73 Ohio St.3d 433,444, 653 N.E.2d 271. Crim.R. 43(A) requires the defendant's presence at every stage of the trial, including the imposition of sentence. SeeColumbus v. Rowland (1981), 2 Ohio App.3d 144, 440 N.E.2d 1365. Accordingly, had the trial court intended to modify the terms of Appellant's sentence on remand, we would undoubtedly conclude that Appellant's presence at such a hearing was required. See, Cleveland v.Clemons (1993), 90 Ohio App.3d 212, 628 N.E.2d 141. If the trial court had not originally considered the factors, it was free to set the matter for actual hearing. If, however, the trial court merely failed to specifically state which factors were considered in its original order, but the factors were, in fact, considered and their specific inclusion into the order was mere oversight, the trial court was free to correct its order by modifying it to include those original considerations. We do not and cannot presume, as Appellant does, that the factors were not considered at all, necessitating a new sentencing hearing. Since the trial court has merely clarified its original sentencing entry, no further remand is required. Moreover, because there was nothing objectionable about the procedure the trial court employed in issuing the modified order, we cannot find that trial counsel was ineffective for failing to object.
 {¶ 26} Nevertheless, the trial court's designation of the modified order as nunc pro tunc is improper and requires us to modify the order by removing this language.
 {¶ 27} Under Crim.R. 36(A) a trial court may correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Typically, the trial court makes such accommodations via "nunc pro tunc" entries. The purpose of a nunc pro tunc order is to make the record reflect the trial court's true action. It is used to record the action the trial court actually took but, for one reason or another, failed to record. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, a nunc pro tunc order is limited to memorializing an action the trial court actually did take at an earlier point in time. State v. Stevens (August 2, 1995), 9th Dist. No. 16998.
 {¶ 28} Nunc pro tunc orders are also used to supply information which existed but was omitted, to correct mathematical calculations, and to correct typographical or clerical errors. Id. Nevertheless, the court is barred from using a nunc pro tunc order to supply omitted action, to indicate what it might or should have decided, or to reflect what the trial court intended to decide. Its proper use is limited to memorializing what the trial court actually did decide and may include the addition of matters omitted from the record by inadvertence or mistake. State v. Greulich (1988), 61 Ohio App.3d 22, 25, 572 N.E.2d 132; accord, State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164,656 N.E.2d 1288.
 {¶ 29} The mistakes, however, to which nunc pro tunc orders are directed are mechanical in nature and apparent on the record. They may not involve a legal decision or judgment. Dentsply Internatl., Inc. v.Kostas (1985), 26 Ohio App.3d 116, 118, 498 N.E.2d 1079. The trial court in the instant case entered its nunc pro tunc order after initially failing to include the requisite findings under R.C. 2929.13(B). In its nunc pro tunc journal entry, the trial court simply incorporated the previously omitted findings into the modified entry. Absent this entry, it is impossible to ascertain from the record exactly which factors the trial court considered relevant pursuant R.C. 2929.13(B). Certainly, the record provides some facts from which to glean this information. However, in order to determine which facts the trial court specifically determined were important, we would be forced to conjecture. This is what R.C. 2929.13(B) is designed to prevent. Because the record provides no guidance with respect to the trial court's reasoning in its original sentencing entry, we must conclude that a nunc pro tunc designation is improper and should be removed.
 {¶ 30} Also, we note that the modified entry includes a section advising Appellant of the potential imposition of statutory "bad time." Such an inclusion is, in fact, a modification of sentence and not just a modification of the trial court's original entry. This language must be removed for other reasons, however, thus rendering this error harmless. In State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, 729 N.E.2d 359, the Supreme Court held that R.C. 2967.11(B), which created statutory "bad time," violates the state constitution's separation of powers doctrine. Consequently, we modify the amended judgment entered by the trial court to remove this language, as well.
 {¶ 31} For the foregoing reasons, we affirm the judgment entered by the trial court, but modify the journal entry according to law and consistent with this Opinion.
Donofrio, J., concurs.
DeGenaro, J. concurs in judgment only; see concurring in judgment only opinion.