DECISION
{¶ 1} Defendant-appellant, Shannon D. Haynes, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for a modification nunc pro tunc of that portion of the trial court's prior judgment of conviction and sentence that ordered him to pay court costs.
 {¶ 2} Appellant was convicted pursuant to a jury verdict finding him guilty of one count of kidnapping, one count of rape, one count of voluntary manslaughter, and two counts of murder, all with violent sexual predator specifications. The manslaughter and murder counts merged for sentencing. The trial court imposed two ten year to life sentences for the kidnapping and rape convictions, and life imprisonment without parole for the murder count selected for sentencing, all sentences to be served consecutively. In orally pronouncing sentence, the trial court made no mention of any financial sanction or imposition of court costs in the case. In its subsequent journal entry journalizing the judgment of conviction and sentence, the court reiterated the prison sentences imposed, noted that the court disapproved of appellant's placement in shock incarceration or intensive prison programs, gave its reasons for the maximum terms and consecutive terms imposed, and lastly considered a financial sanction:
The Court has considered the Defendant's present and future ability to pay a fine and financial sanction and does, pursuant to R.C. 2929.18, hereby renders judgment for the following fine and/or financial sanctions: The Defendant shall pay court costs herein.
The total fine and financial sanction judgment is Court costs.
 {¶ 3} All aspects of appellant's conviction were affirmed by this court on appeal, State v. Haynes, Franklin App. No. 01AP-430, 2002-Ohio-4389, and subsequently by denial of appellant's application to reopen under App.R. 26(B) for ineffective assistance of appellate counsel, State v. Haynes
(Nov. 19, 2002), Franklin App. No. 01AP-430 (Memorandum Decision). The variance between the trial court's sentence imposed in open court and that stated in the sentencing entry was not raised either upon direct appeal or application to reopen.
 {¶ 4} Appellant subsequently filed a motion for a nunc pro tunc order in the trial court, i.e., seeking to have the sentencing entry modified to omit the imposition of court costs as a financial sanction, thus reflecting the sentence pronounced orally at the sentencing hearing. The trial court denied appellant's motion, and appellant has timely appealed, bringing the following assignment of error:
The trial court abused its discretion when it denied the defendant's nunc pro tunc entry seeking to have the journal entry of the sentencing hearing reflect what actually occurred at the hearing, thereby depriving defendant of his right under theFourteenth Amendment to the United States Constitution to Due Process.
 {¶ 5} We find that, although appellant does raise an issue as to whether the trial court erred in imposing, in its sentencing entry, a sentence at variance with that orally imposed in open court, any error in this respect is one that should have been raised in prior appeals from the trial court's judgment, and is therefore not properly before either this court or the trial court in proceedings subsequent to our decisions in this matter.
 {¶ 6} The imposition of a sentence in a written journal entry of judgment that does not agree with the sentence previously orally imposed by a court in a criminal matter is problematic:
* * * Because a court speaks through judgment entries, great care should be taken in their preparation.
* * * Crim.R. 43(A) is clear: "[t]he defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of the sentence, except as otherwise provided by these rules." Although [the defendant] was present in open court when the first sentence was imposed, there is no evidence in the record that he was present when the harsher modification was journalized. [The defendant] had a right of due process, embodied in Crim.R. 43(A), to be present when his sentence was modified.
When a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence.State v. Bell (1990), 70 Ohio App.3d 765, 592 N.E.2d 848;State v. Calvillo (1991), 76 Ohio App.3d 714, 603 N.E.2d 325;State v. Rameiri (1992), 84 Ohio App.3d 432, 616 N.E.2d 1191;State v. Walton (1990), 66 Ohio App.3d 243, 583 N.E.2d 1106;Columbus v. Rowland (1981), 2 Ohio App.3d 144, 440 N.E.2d 1365;Cleveland v. Clemons (1993), 90 Ohio App.3d 212,628 N.E.2d 141; State v. Bayer (1995), 102 Ohio App.3d 172,656 N.E.2d 1314; State v. Wilson (May 2, 1996), Cuyahoga App. No. 69347, unreported.
Because a trial court speaks only through its journal entries, the judgment entry and not the open court pronouncement of the sentence was the effective instrument for sentencing [the defendant]. See State ex rel. Indus. Comm. v. Day (1940),136 Ohio St. 477, 26 N.E.2d 1014. However, the judgment entry is invalid because the sentence was modified in [the defendant's] absence. * * *
State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889.
 {¶ 7} This court has applied the rule set forth inCarpenter. State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639.
 {¶ 8} However, whether the trial court's journal entry was erroneous or not, we find that the matter has become res judicata and may not be raised. Errors in sentencing that are reflected in the record are waived when a defendant fails to raise them in his or her direct appeal. State v. Combs (1991),73 Ohio App.3d 823, 824. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175,180. The discrepancy between the oral sentence pronounced by the trial court in appellant's case and that imposed in the journal entry of judgment was prominent in the record and, if it were to be raised, should have been raised upon direct appeal.
 {¶ 9} Finally, we note that appellant apparently attempts to circumvent the effect of res judicata by styling his action as a motion for an entry nunc pro tunc. He asserts that he merely seeks to modify the court's written judgment to reflect the true judgment imposed orally. While, as we have noted, there may be problems with an entry that does not track the sentence orally imposed, the oral sentence is not the actual judgment of the court. The trial court speaks through its journal entry. Statev. King (1994), 70 Ohio St.3d 158. However appellant may attempt to posture the matter, he is attempting to modify the trial court's judgment with an issue that is not properly before the trial court now that the direct appeal has rendered the costs issue res judicata.
 {¶ 10} In summary, appellant's assignment of error is overruled, and any alleged error in his sentencing entry may not be raised at this stage of the case. The judgment of the Franklin County Court of Common Pleas denying appellant's motion for a modification nunc pro tunc of his sentence is affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.