OPINION
{¶ 1} This is an accelerated appeal from the decision of the Butler County Court of Common Pleas sentencing defendant-appellant, Jeffrey Burns, for breaking and entering, and for-gery.[1]
 {¶ 2} We overrule appellant's first assignment of error because the common pleas court did not err in its imposition of consecutive sentences. The record shows that the court complied with the dictates ofState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, by sufficiently articulating the findings in R.C. 2929.14(E)(4) and the reasons for those findings on the record at the sentencing hearing. The record also does not show that the court improperly considered an "unindicted greater offense."
 {¶ 3} Further, the fact that the common pleas court judge and not a jury made the findings to support consecutive sentences did not violate appellant's right to a jury trial pursuant to Blakely v. Washington
(2004), ___ U.S. ___, 124 S.Ct. 2531. Blakely restated the rule inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely at 2536, quotingApprendi at 490. Blakely defined "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely at 2537. It is clear that the term "statutory maximum," as used in Apprendi, Blakely,
and the subsequent case of U.S. v. Booker and U.S. v. Fanfan (2005), ___ U.S. ___, 125 S.Ct. 738, refers only to the maximum sentence for a single crime, not the maximum aggregate sentence for multiple, separate crimes. Therefore, Blakely does not limit a sentencing court's discretion to impose consecutive sentences. See State v. Collier, Butler App. No. CA2003-11-282, 2005-Ohio-944, at ¶ 41; State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, at ¶ 23; State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 26; State v. Abdul-Mumin,
Franklin App. Nos. 04AP-485 and 04AP-486, 2005-Ohio-522, at ¶ 30.
 {¶ 4} We overrule in part and sustain in part appellant's second assignment of error. We reject appellant's argument as to the common pleas court's imposition of $1,000 in fines because, contrary to appellant's argument, R.C. 2947.14 does not require a sentencing court to hold a hearing before imposing a fine. See State v. Meyer (1997),124 Ohio App.3d 373, 377. However, we find that the court erred in imposing court costs. The court clearly stated at the sentencing hearing that the court would not impose court costs, yet in its judgment entry, the court imposed court costs. The state concedes that the costs order in the judgment entry is a clerical error and asks this court to correct the error. We therefore modify the common pleas court's sentence and vacate the imposition of costs. See State v. Haynes, Franklin App. No. 03AP-574, 2004-Ohio-591, at ¶ 6. The court's judgment is affirmed in all other respects.
 {¶ 5} Judgment affirmed as modified.
Walsh and Bressler, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.