OPINION
{¶ 1} Defendant-appellant John G. Haymon appeals from his conviction and sentence in the Massillon Municipal Court on one count of criminal trespass and the subsequent imposition of probation. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged with one count of criminal damaging and one count of criminal trespass. A jury trial commenced on June 9, 2005. The following evidence was adduced at trial.
 {¶ 3} At around 10:00 p.m. on April 15, 2005, appellant was observed trespassing on property belonging to Tracer Towing. Specifically, appellant was seen walking through the Tracer Towing lot looking at automobiles parked in the lot. Four days earlier, an employee of Tracer Towing had repossessed a vehicle belonging to appellant and it had been towed to this lot.
 {¶ 4} The Tracer Towing employee called the police and then attempted to stop appellant. However, appellant fled the scene and the employee lost contact with appellant. Later, a patrolman from the Perry Township Police Department responded to the location and located appellant. The partrolman identified himself as a police officer and ordered appellant to stop. However, appellant fled again. The patrolman chased appellant through the bushes and briars surrounding the businesses in the area, again ordering appellant to stop, without success. Officers from other departments showed up to assist the partrolman. However, they were unable to catch appellant and called off the pursuit.
 {¶ 5} About 45 minutes later, the police were called back to the area because the owner of Tracer Towing and an employee of the company believed they had located appellant. The responding police officers could not find appellant. However, the police officers were eventually called back one final time when the owner and the employees were able to subdue appellant. In all, appellant evaded his pursuers for over three hours before finally being caught.
 {¶ 6} Following the jury trial, the jury found appellant guilty of one count of criminal trespass. The jury returned a verdict of not guilty on the count of criminal damaging. By Judgment Entry filed June 9, 2005, appellant was sentenced to the maximum sentence of 30 days in jail and a $250.00 fine, plus costs.
 {¶ 7} Subsequently, while serving the jail term, appellant was resentenced via a Judgment Entry filed June 22, 2005. Appellant was resentenced to 17 days of electronically monitored house arrest, starting July 11, 2005, and placed on probation for five years. Appellant was not present at the time that he was resentenced.
 {¶ 8} It is from both the June 9, 2005, and the June 22, 2005, Judgment Entries that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM SENTENCE ALLOWABLE BY LAW FOR MISDEMEANOR CRIMINAL TRESPASS.
 {¶ 10} "II. THE TRIAL COURT ERRED WHEN IT RE-SENTENCED DEFENDANT-APPELLANT TO FIVE (5) YEARS OF PROBATION WITHOUT STATING THE CONSEQUENCES UNDER R.C. SECTION 2929.25.
 I {¶ 11} In the first assignment of error, appellant challenges the jail sentence imposed on June 9, 2005. However, appellant filed neither a notice of appeal from the original order of sentence within the 30-day jurisdictional requirement set forth in App.R. 4(A) nor a motion for a delayed appeal pursuant to App.R. 5(A). Without a timely notice of appeal from the order challenged, this court lacks jurisdiction to consider it. Statev. Slagle, Union App. No. 14-02-08, 2002-Ohio-6616; State v.Starcic (June 4, 1998), Cuyahoga App. No. 72742, 1998 WL 289393;State v. Roark (Dec. 4, 1990), Adams App. No. 502 1990 WL 193539, citing In re Copley (1972), 29 Ohio St.2d 35,278 N.E.2d 358.
 {¶ 12} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 13} In the second assignment of error, appellant argues that the trial court erred when it resentenced appellant to five years of probation without stating the consequences under R.C.2929.25. We agree.
 {¶ 14} Appellant's argument has merit for two reasons. First, appellant is correct in his assertion that it was error for the trial court to modify his sentence in his absence. Crim.R. 43(A) provides that the defendant "shall be present at . . . every stage of the trial, including . . . the imposition of sentence. . . ." In fact, it has been held that a defendant has a "fundamental right to be present at all critical stages of his trial." State v. Hill (1995), 73 Ohio St.3d 433, 444,653 N.E.2d 271. The imposition of a sentence is a critical stage of the trial, as is indicated in Crim.R. 43(A). See Columbus v.Rowland (1981), 2 Ohio App.3d 144, 440 N.E.2d 1365. Furthermore, to amend or modify a defendant's sentence without his presence violates a defendant's right to notice and also violates his due process rights. Cleveland v. Clemons (1993),90 Ohio App.3d 212, 214-215, 628 N.E.2d 141. Therefore, it was error for the trial court to amend appellant's sentence outside his presence. See State v. Cook (April 16, 1998), Mahoning App. No. 96 CA 101, 1998 WL 201443.
 {¶ 15} Second, Revised Code 2929.25(A)(3) states that, in misdemeanor cases, the sentencing court must give the defendant notice that if appellant violates the conditions of community control sanctions, the sentencing court can do any of the following:
 {¶ 16} "(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
 {¶ 17} "(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
 {¶ 18} "(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."
 {¶ 19} In this case, appellant was never given any notice of the consequences of a violation. Thus, we find that the trial court failed to comply with R.C. 2929.25(A)(3).
 {¶ 20} For the foregoing reasons, appellant's second assignment of error is sustained.
 {¶ 21} The Judgment of the Massillon Municipal Court is reversed. This matter is remanded for resentencing.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is reversed and this matter is remanded for resentencing. Costs assessed to appellee.