KATHLEEN ANN KEOUGH, A.J.:
{¶ 1} This matter came before the court on Ronelle Taylor's application to reopen his direct appeal, based in part, on counsel's failure to appeal the imposition of court costs. In resolving this issue, the en banc court determined that a conflict exists between decisions in this district on the question of whether the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error or harmless error. Compare State v. Martin, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, 2017 WL 121774 (reversible error); State v. Rudd, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106, 2016 WL 193495 (reversible error); State v. Elder, 8th Dist. Cuyahoga No. 104392, 2017-Ohio-292, 2017 WL 389741 (reversible error); State v. Grant, 8th Dist. Cuyahoga No. 100497, 2014-Ohio-2656, 2014 WL 2809050 (reversible error), with State v. Thomas, 8th Dist. Cuyahoga No. 104567, 2017-Ohio-4436, 2017 WL 2687805 (harmless error); State v. Nelson, 8th Dist. Cuyahoga, 2017-Ohio-6883, 83 N.E.3d 1009 (harmless error). We took en banc consideration of this matter sua sponte and convened an en banc conference in accordance with App.R. 26, Loc.App.R. 26, and McFadden v. Cleveland State Univ., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.
*1103 Decision of the En Banc Court:
1 {¶ 2} It is the opinion of the en banc court that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error.
2 {¶ 3} It is axiomatic that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial, including the imposition of sentence. Section 10, Article I, Ohio Constitution, Crim.R. 43(A) ; State v. Hale, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864. R.C. 2947.23 provides that "in all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution, * * * and render a judgment against the defendant for such costs." Accordingly, it is error for a trial court to order the payment of court costs in the judgment entry of conviction when it did not advise the defendant during the sentencing hearing that costs would be imposed.
3 {¶ 4} However, a violation of Crim.R. 43(A) does not necessarily always result in prejudicial or constitutional error. State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Id. Thus, the defendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error where he suffers no prejudice. State v. Williams, 6 Ohio St.3d 281, 452 N.E.2d 1323 (1983), see also State v. Armas, 12th Dist. Clermont No. CA2004-01-007, 2005-Ohio-2793, 2005 WL 1324728 (a violation of Crim.R. 43(A) is not a structural error; therefore, it is subject to the harmless error analysis).
{¶ 5} In State v. Joseph, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court considered the issue of whether a trial court can impose court costs pursuant to R.C. 2947.23 in its sentencing entry when it did not impose those costs in open court at the sentencing hearing and whether a defendant suffers prejudice.
{¶ 6} In analyzing the issue, the court explained that it previously held that a motion to waive costs by a defendant must be made at the time of sentencing or the issue was waived and costs would be considered res judicata. Id.at ¶ 12, citing State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. The court reasoned that if a trial court did not orally notify a defendant about costs at the sentencing hearing, it deprived a defendant of the opportunity to request that the court waive costs. Id.at ¶ 13. The court expressly rejected the state's argument that any error by the defendant was harmless-"Joseph was harmed here. He was denied the opportunity to claim indigency and seek a waiver of the payment of court costs before the trial court. He should have had that chance." Id.at ¶ 22.
{¶ 7} Accordingly, the Ohio Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing, and that the proper remedy is to reverse the imposition of costs and remand to the trial court for the limited purpose of allowing the defendant to move for a waiver of court costs. Id.at ¶ 23.
{¶ 8} Subsequent to Joseph, the General Assembly amended R.C. 2947.23 in Am.Sub.H.B. 247, effective March 22, 2013.[1]
*1104 The Ohio legislature added a new provision in subsection (C), which states "the court retains jurisdiction to waive, suspend, or modify the payment of costs of prosecution * * * at the time of sentencing, or at any time thereafter."[2] Although R.C. 2947.23 no longer places limits on when a defendant can move for waiver of court costs, a trial court cannot impose an aspect of a defendant's sentence outside of his presence. To do so defeats the requirements of notice and due process. See, e.g., State v. Hess, 7th Dist. Jefferson No. 00-JE-40, 2001 WL 1568872 (modification of defendant's sentence outside her presence was reversible error); Cleveland v. Clemons, 90 Ohio App.3d 212, 628 N.E.2d 141 (8th Dist.1993) (imposition of additional probation condition of sentence outside defendant's presence was reversible error).
{¶ 9} Notably, the General Assembly did not amend the statute to remove the constitutional requirement that a defendant must be present during sentencing, nor does the statute read that the "court retains jurisdiction to imposethe payment of costs of prosecution." Accordingly, the authority now granted under R.C. 2947.23 presupposes that court costs were properly imposed at the sentencing hearing where the defendant was present, thus, the holding in Joseph still applies, and the amendment to R.C. 2947.23 does not render this Crim.R. 43(A) violation harmless. "[T]he fact remains that (1) the trial court imposed costs in its sentencing journal entry that it did not impose in open court at the sentencing hearing and (2) [the defendant] did not have an opportunity to seek a waiver of costs during sentencing when he was represented by counsel." State v. Gardner, 8th Dist. Cuyahoga No. 104677, 2017-Ohio-7241, 2017 WL 3530919, ¶ 54.
{¶ 10} Finding the failure to notify the defendant at sentencing of court costs is harmless error would place an improper burden on the defendant to move to waive an aspect of his sentence that he was not made aware of during the sentencing hearing. "The possibility that this error could be 'fixed' if the defendant were to file a proper postconviction motion, seeking a waiver of payment of the improperly imposed court costs under R.C. 2947.23(C), does not, in and of itself, render the error harmless." Gardnerat ¶ 54.
{¶ 11} The defendant is prejudiced because a postsentence motion to waive costs is a postconviction proceeding where a defendant *1105 does not have a constitutional right to legal representation. The notion that it could be a strategic decision by trial counsel to not request a waiver of costs at sentencing ignores the very purpose why R.C. 2947.23 was amended-to request waiver of properly imposed court costs at a later date when a change of circumstances presents themself, including a cooling-off period. See State v. Brown, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, 2016 WL 1461495, ¶ 15, citing State v. Farnese, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, 2015 WL 5102678 (not requesting waiver of costs could be strategic).[3]
4 {¶ 12} Moreover, if the court denies the postconviction waiver request, the denial is not a final appealable order that can be challenged. " 'An order denying a motion to suspend court costs, fines, and/or restitution does not affect a substantial right because there is no legally enforceable right to have these monetary assessments suspended.' " State v. Jones, 11th Dist. Lake No. 2015-L-030, 2015-Ohio-2906, 2015 WL 4401355, quoting State v. Evans, 4th Dist. Scioto No. 99CA2650, 1999 WL 731814, *1 (Sept. 14, 1999), citing R.C. 2949.09, et seq. ; see also State v. Pasqualone, 140 Ohio App.3d 650, 748 N.E.2d 1153 (11th Dist.2000) ; State v. Arnett, 3d Dist. Shelby No. 17-95-25, 1996 WL 106999 (Feb. 22, 1996) ; State v. Goodman, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884, 2014 WL 5510897 (holding the denial of a postconviction motion to impose a payment plan for court costs is not a final, appealable order). Accordingly, the unrepresented defendant continues to be prejudiced because he cannot appeal a denial of his postconviction motion to waive costs-a motion that should have been raised at sentencing with counsel and reviewed on direct appeal.
{¶ 13} Following the holding in Joseph and the expressed language of R.C. 2947.23(A) and Crim.R. 43(A), we overrule Thomas and Nelson and hold that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error.
{¶ 14} Our en banc proceeding was prompted only by this one issue. Consequently, we will not address the other issues raised in the application for reopening in this case en banc, but leave those issues to the merit panel's judgment, which will be addressed below.
PATRICIA ANN BLACKMON, MARY J. BOYLE, FRANK D. CELEBREZZE, JR., EILEEN A. GALLAGHER, EILEEN T. GALLAGHER, SEAN C. GALLAGHER, LARRY A. JONES, SR., MARY EILEEN KILBANE, TIM McCORMACK, and ANITA LASTER MAYS, JJ., CONCUR
MELODY J. STEWART, J., DISSENTS WITH SEPARATE OPINION

The Joint Committee to Study Court Costs and Filing Fees was created in 2007 by the Ohio General Assembly in Sub.H.B. 336 of the 126th General Assembly to study court costs and filing fees. As a result of the study, the committee developed recommendations, including a recommendation to the General Assembly to amend R.C. 2947.23 :
5. The General Assembly should amend current law to give trial courts the statutory authority to suspend the imposition or payment of costs after the court has imposed sentence.
In State v. Clevenger , 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589 (2007), the Supreme Court held that a trial court does not have authority to either suspend the imposition or payment of court costs after the court has imposed sentence, even when the offender is indigent. The Court found trial courts lack this ability because they are not specifically authorized by statute to waive costs after sentencing.
This serves little practical purpose. Although section 2947.23 of the Revised Code allows for community service in lieu of payment of costs, many offenders become debilitated or have a change of circumstances after sentencing and cannot perform community service. This means indigent offenders do not pay their court costs and do not perform community service. In order to rectify this problem, the General Assembly should amend the statute to allow the court discretion to suspend costs after sentencing.

R.C. 2947.23(C) addresses the jurisdictional concerns raised in both State v. Clevenger , 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, and Threatt , 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164.

The dissent takes issue that this court does not overrule Brown . The circumstances in Brown are factually distinguishable. In Brown , the court imposed court costs in the defendant's presence at sentencing. Only after they were imposed did Brown's trial counsel fail to request waiver, thus, constituting Brown's claim for ineffective assistance of counsel claim on appeal.