JOURNAL ENTRY and OPINION
Appellant Craig Burns appeals from the decision of the trial court denying his petition for post-conviction relief. Burns argues he was prejudiced because his trial counsel rendered ineffective assistance. Burns assigns the following as errors for our review:
 I. CRAIG BURNS WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PROPERLY INVESTIGATE AND PRESENT MR. BURNS' DEFENSE.
 II. THE POST-CONVICTION TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR POST-CONVICTION RELIEF. (Entry dated July 27, 2000 reissuing Memorandum Opinion Regarding Petition for Postconviction Relief originally dated May 25, 2000).
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court.
Preliminarily, we note that res judicata bars an ineffective assistance of counsel claim stemming from a petition for post-conviction relief where the petitioner had retained new counsel on direct appeal. In the present case, however, Burns retained the same counsel on direct appeal to this court. Therefore, his assignment of error is properly before this court.
Burns' petition for post-conviction relief alleged he was denied effective assistance of counsel during his 1988 trial. Burns' present appeal focuses on the trial court's denial of that petition. Therefore, we jointly address his assignments of error.
In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."[1] In order to prevail on a claim of ineffective assistance of counsel, Burns must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's performance.[2] An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[3] Further, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.[4]
The thrust of Burns' arguments is that his trial counsel failed him by not calling six character witnesses and by not presenting a taped conversation between Bilal and Manning. Burns supposes such witness testimony and evidence would have bolstered Burns' credibility and impinged upon Bilal's credibility, thereby producing a different outcome at trial. We disagree.
As the trial court held in denying Burns' petition for post-conviction relief, counsel's decision to not call character witnesses did not fall below an objective standard of reasonableness and Burns was not thereby prejudiced. Burns' assertions merely involve trial tactics. An attorney's choice of whether or not to call certain witness falls within the purview of trial tactics and generally does not constitute ineffective assistance of counsel.[5] While we do not pass upon the propriety of counsel's trial decisions here, we observe that even questionable trial tactics and strategies do not constitute ineffective assistance of counsel.[6]
Accordingly, we determine that Burns was not denied effective assistance of counsel, and the trial court did not err in denying Burns' petition for post-conviction relief.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JOHN T. PATTON, J.*, CONCUR.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
[1] State v. Hester (1976), 45 Ohio St.2d 71, 74 Ohio Op.2d 156,341 N.E.2d 304, paragraph four of the syllabus; State v. Bell (1990),70 Ohio App.3d 765, 592 N.E.2d 848; State v. Curry, 1996 Ohio App. LEXIS 3197 (July 25, 1996), Cuyahoga App. No. 69633.
[2] State v. Madrigal (2000), 87 Ohio St.3d 378, 397, 721 N.E.2d 52,70, reconsideration denied (2000), 88 Ohio St.3d 1428, 723 N.E.2d 1115, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 768.
[3] State v. Lindsey (2000), 87 Ohio St.3d 479, 489, 721 N.E.2d 995,1007, reconsideration denied (2000), 88 Ohio St.3d 1438,724 N.E.2d 812.
[4] See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 31 Ohio Op. 2d 567, 209 N.E.2d 164; State v. Jackson, 64 Ohio St.2d at 110-111, [**915] 18 Ohio Op.3d at 351, 413 N.E.2d at 822.
[5] State v. Coulter (1992), 75 Ohio App.3d 219, 598 N.E.2d 1324.
[6] State v. Clayton (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189.
* (SITTING BY ASSIGNMENT: JUDGE JOHN T. PATTON, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.)