OPINION
{¶ 1} Defendant-appellant, Malek B. Aliane, appeals from the August 7, 2002 judgment of the Franklin County Court of Common Pleas, resentencing him to an aggregate term of 84 months in prison. For the reasons that follow, we affirm in part and reverse in part the judgment of the common pleas court.
 {¶ 2} On December 8, 2000, appellant was indicted on one count of passing a bad check in violation of R.C. 2913.11, a felony of the fifth degree, four counts of passing bad checks in violation of R.C. 2913.11, felonies of the fourth degree, and one count of theft in violation of R.C. 2913.02, a felony of the third degree. These charges were assigned case No. 00CR-12-6960 in the common pleas court.
 {¶ 3} On January 12, 2001, appellant was indicted on one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree, and one count of forgery in violation of R.C. 2913.31, also a felony of the fifth degree. These charges were assigned case No. 01CR-01-213.
 {¶ 4} On June 12, 2001, appellant was indicted on one count of theft in violation of R.C. 2913.02, a felony of the fifth degree. This charge was assigned case No. 01CR-06-3405.
 {¶ 5} Appellant's three cases were consolidated for trial. On July 19, 2001, appellant pled guilty to four counts of passing bad checks and one count of attempting to pass a bad check in case No. 00CR-12-6960. In exchange for his guilty plea, the prosecutor dismissed the theft charge. In case No. 01CR-01-213, appellant pled guilty to one count of attempting to pass a bad check and, in case No. 01CR-06-3405, appellant pled guilty to one count of theft. The trial court ordered a presentence investigation, and scheduled sentencing for August 31, 2001.
 {¶ 6} In case No. 00CR-12-6960, the trial court sentenced appellant to 11 months for each felony five count and 17 months for each felony four count. In case No. 01CR-01-213, the trial court sentenced appellant to 102 days, for which he was credited for time served. Finally, the trial court sentenced appellant to 11 months incarceration in case No. 01CR-06-3405. The trial court ordered appellant to serve his sentences consecutively. Appellant timely appealed the trial court's judgment. On June 13, 2002, we affirmed appellant's conviction, but reversed the sentence imposed and remanded the case for resentencing. See State v. Aliane, Franklin App. No. 01AP-1110, 2002-Ohio-2932 ("Aliane I").[1]
 {¶ 7} On remand, the trial court held a hearing in case Nos. 00CR-12-6960 and 01CR-06-3405 pursuant to R.C. 2929.19. In case No. 00CR-12-6960, appellant was re-sentenced to 11 months for each felony five count and 17 months for each felony four count, to be served consecutively with case No. 01CR-06-3405. Appellant was also ordered to pay $7,000 restitution to Rush Motor Sales. In case No. 01CR-06-3405, appellant was resentenced to 11 months incarceration to be served consecutively with case No. 00CR-12-6960. Appellant was additionally ordered to pay $594.80 restitution to Sears Northland.
 {¶ 8} On August 28, 2002, appellant, pro se, appealed from the trial court's resentencing entry in case No. 01CR-06-3405 (assigned on appeal as case No. 02AP-948). On September 6, 2002, counsel for appellant appealed from the resentencing entry in case No. 00CR-12-6960 (assigned on appeal as case No. 02AP-986). The state filed briefs in both appeals. By journal entry dated March 28, 2003, this court consolidated the cases for purposes of determination.
 {¶ 9} In case No. 02AP-948, appellant sets forth the following four assignments of error:
 {¶ 10} "Assignment of error No. I
 {¶ 11} "Defendant was denied due process of law when the trial court failed to conduct an impartial hearing at resentencing.
 {¶ 12} "Assignment of error No. II
 {¶ 13} "The trial court erred in imposing a term of incarceration for a felony of the fifth degree, when guidance was in favor of a Community Control Sanction in violation of section § 2929.13(B)(2)(b) of the Ohio Revised Code.
 {¶ 14} "Assignment of error No. III
 {¶ 15} "The trial court committed reversible error when it failed to give its reasons for imposing a prison term based on the overriding purpose and principles of felony sentencing set forth in section §2929.11 of the Ohio Revised Code, and any factors in division (B)(1)(a) to (i) of section § 2929.13 of the Revised Code, that it found to apply relative to the offender required by § 2929.19(B)(2)(a) of the Revised Code.
 {¶ 16} "Assignment of error No. IV
 {¶ 17} "The trial court denied defendant due process of law, when it issued a judgement entry imposing a sentence, that differs from the sentence pronounced in the presence of the defendant in violation of Criminal Rule 43(A)."
 {¶ 18} In case No. 02AP-986, appellant sets forth the following sole assignment of error for review:
 {¶ 19} "The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4)."
 {¶ 20} At the onset we note that, in case No. 02AP-948, the state contends that appellant's arguments are barred by res judicata. We disagree. We believe that all of appellant's activities relate to one series of events and one resentencing hearing. As these appeals relate to one course of conduct over a period of time, we will address appellant's assignments of error in one appeal.
 {¶ 21} In the first assignment of error, in case No. 02AP-948, appellant contends the trial court failed to conduct an impartial resentencing hearing pursuant to R.C. 2929.19(A)(1), which provides, in part:
 {¶ 22} "The court shall hold a sentencing hearing before imposing a sentence * * * upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section2953.07 or 2953.08 of the Revised Code. * * *"
 {¶ 23} "[W]hen a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all the applicable procedures." State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, at ¶ 12. Appellant relies on State v. Steimle, Cuyahoga App. No. 79154, 2002-Ohio-2238, as support for his contention that the trial court erred in not approaching the resentencing hearing as an independent proceeding. In Steimle, at ¶ 16, the Eighth Appellate District explained:
 {¶ 24} "The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence if, in fact, it is to be part of his sentence."
 {¶ 25} In this case, a review of the resentencing transcript reveals that the trial court was operating well within its discretion. The trial court conducted a new sentencing hearing and approached the resentencing hearing as an independent proceeding. The trial court allowed appellant to present information and to speak at great length before and after the imposition of his sentence. The trial court considered the record and addressed the findings required by R.C.2929.14(E)(4) for the imposition of consecutive sentences. The trial court further instructed appellant of the possibility of post-release control for up to three years. As such, appellant's first assignment of error in case No. 02AP-948 lacks merit and is not well-taken.
 {¶ 26} Appellant's second and third assignments of error are interrelated and, as such, will be addressed together. Appellant argues that the trial court did not adhere to the statutory requirements of R.C. 2929.13 when the trial court imposed a prison sentence, rather than a community control sanction on appellant for his fifth degree felony conviction. Appellant further contends that the trial court failed to give its reasons for imposing a prison term. We find appellant's contentions unpersuasive.
 {¶ 27} As noted above, appellant was convicted on two felonies of the fifth degree and three felonies of the fourth degree in case No. 00CR-12-6960 and one felony of the fifth degree in case number 01CR-06-3405. R.C. 2929.13(B) governs a trial court's sentencing of an offender who commits a fourth or fifth degree felony and provides a trial court with two ways to impose a prison term on such an offender. The trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. R.C. 2929.13(B)(2)(a). If the trial court finds that at least one of the factors is applicable, the trial court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C. 2929.12. If the trial court finds, after this review, that the offender is not amenable to community control, and a prison term is consistent with the R.C. 2929.11 purposes and principles of felony sentencing, then the court is authorized to impose a prison term. R.C. 2929.13(B)(2)(a). A prison term may also be imposed when the trial court does not conclude that one of the imprisonment factors under R.C. 2929.13(B)(1) is applicable to the offender. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72; State v. Carr (Jan. 31. 2000), Butler App. No. CA99-02-034.
 {¶ 28} In this instance, the trial court determined that appellant committed the third offense while he was out on bond on the two other cases. R.C. 2929.13(B)(1)(h). The trial court, in considering that appellant's conduct was more serious than conduct normally constituting the offense, took into consideration that the victims suffered economic harm as a result of the offense. R.C. 2929.12(B)(2). Appellant wrote over $100,000 in bad checks to local businesses, caused $7,000 in damage to a new vehicle, posed as an employee of a department store and stole over $500 worth of clothes. The trial court noted that appellant's conduct was "not the usual run of the mill passing-bad-checks case" and that the judge has not "had a case like this and I have been doing this 28 years." (Tr. 11.) The trial court imposed felony sentencing to protect the public from appellant.
 {¶ 29} The trial court is not required to explain its findings when deciding whether or not to impose a prison sentence or community control sanction upon an offender who commits a fourth or fifth degree felony. Jones, supra. However, the record must indicate that the trial court made all requisite findings when determining whether to impose a prison sentence or community control sanction upon an offender who commits a fourth or fifth degree felony. Id.; State v. Edmonson (1999),86 Ohio St.3d 324, 326 (noting that a record must reflect that the trial court considered all requisite factors before sentencing an offender).
 {¶ 30} In this case, the record supports the imposition of a prison term over community control sanction. The trial court is simply required to determine whether the factors of R.C. 2929.13 apply and, from our review of the record, we are satisfied that such a determination was made. The resentencing entry of August 7, 2002 states that "the Court has weighed the factors as set forth in the applicable provisions of R.C.2929.13" of the Ohio Revised Code. It is fundamental that a trial court speaks only through its journal. Andrews v. Board of Liquor Control (1955), 164 Ohio St. 275, paragraph three of the syllabus; Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80; State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117; State v. King (1994),70 Ohio St.3d 158; Bartz v. Bartz (Oct. 4, 1994), Franklin App. No. 93APF12-1697. Therefore, we conclude that the trial court found and the record establishes that imposing a prison sentence, rather than community control, would be consistent with the purposes of the sentencing statutes. As such, the trial court properly imposed a prison sentence on appellant. Accordingly, appellant's second and third assignments of error are not well-taken and are overruled.
 {¶ 31} In his fourth and final assignment of error in case No. 02AP-948, appellant argues that the trial court denied him his due process rights when the trial court issued the judgment entry imposing a sentence that differed from the sentence rendered by the trial court at the resentencing hearing in appellant's presence. Appellant specifically contends that at the August 2002 resentencing hearing, the trial court did not resentence him to 11 months incarceration and never ordered that he pay restitution. The journalized entry states that appellant was sentenced to 11 months incarceration and ordered to pay $594.80 to Sears Northland.
 {¶ 32} The transcript reveals that the trial court did not resentence appellant in court in case No. 01CR-06-3405, but that a journalized entry was filed which resentenced appellant to an 11-month sentence and added a restitution order of $594.50 that was not in the sentence pronounced orally. Further review of the transcript reveals that the trial court sentenced appellant in open court in case No. 00CR-12-6960, and then journalized an entry which added a restitution order of $7,000, which was not in the sentence pronounced orally.
 {¶ 33} Crim.R. 43(A) provides that:
 {¶ 34} "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *." (Emphasis added.)
 {¶ 35} A defendant has the right to be present when the court imposes sentence and a trial court cannot abrogate the defendant's right of allocution by imposing its sentence in defendant's absence. State v. Pavone (June 21, 1984), Cuyahoga App. No. 47700. Crim.R. 43(A) requires the physical presence of a defendant during sentencing. State v. Bell (1990), 70 Ohio App.3d 765.
 {¶ 36} This court has held that a trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence. State v. Tatum (2001), Franklin App. No. 99AP-1411; State v. White (Dec. 9, 1999), Franklin App. No. 99AP-32; State v. Fredenburg (Sept. 17, 1998), Franklin App. No. 97APA10-1340; State v. Berry (June 29, 1999), Franklin App. No. 97AP-964; State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639. Accordingly, the trial court erred in issuing a judgment entry in case Nos. 01CR-06-3405 and 00CR-12-6960 that imposed a sentence on appellant that differed from the sentence pronounced in appellant's presence at the resentencing hearing. Appellant must be resentenced in open court with respect to the 11-month incarceration and $594.80 restitution order in case No. 01CR-06-3405 and $7,000 order of restitution in case No. 00CR-12-6960. Appellant's fourth assignment of error is well-taken and is sustained.
 {¶ 37} In his sole assignment of error, in case No. 02AP-986, appellant alleges that the trial court erred in imposing consecutive sentences on the fourth and fifth degree felonies without a showing of physical or economic harm.
 {¶ 38} R.C. 2929.14(E)(3)[2] provides:
 {¶ 39} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is great unless consecutive service is required, and if the court also finds any of the following:
 {¶ 40} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 41} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 42} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 43} Additionally, R.C. 2929.19(B)(2(c) sets forth the procedure that the trial court must follow when imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c) mandates that the trial court make a finding that give reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77. As we noted in appellant's first appeal, "[a]lthough we find it preferable for the trial court to incorporate its findings and reasoning in the sentencing entry, that information need not be specified in the entry so long as they are discernible from the record as a whole." Aliane I, supra, at ¶ 30, citing State v. Belfon (July 13, 2000), Franklin App. No. 99AP-663.
 {¶ 44} In order to determine if the trial court made the required statutory findings and explanations, we review the August 7, 2002 resentencing entry and the record of the resentencing hearing. The August 7, 2002 resentencing entry in case No. 00CR-12-6960 stated that the trial court weighed the factors in R.C. 2929.14. At the resentencing hearing, the trial court engaged in a more detailed analysis of R.C. 2929.14(E)(4):
 {¶ 45} "It seems to me that the first prong of 2929.14(E)(3),[3]
`necessary to protect the public,' is illustrated by virtue of the fact that while he's out on bond on two of these cases, he committed the third. So it seems to me there was some necessity to keep him in jail to prevent him from writing further fraudulent checks.
 {¶ 46} "* * *
 {¶ 47} "* * * I think that when someone is out writing bad checks to the tune of $45,000, receiving new automobiles and doing damage to them to the extent of $7,000, that conduct continues after he's already been arrested and charged twice, a third time — he's out on bond on the first two cases, I think the court has some duty to protect the public. I think I have some duty to protect further car dealers from getting bad checks.
 {¶ 48} "* * *
 {¶ 49} "The additional criteria is: `Punish the offender, not disproportionate to the conduct and to the danger the offender poses.'
 {¶ 50} "* * *
 {¶ 51} "* * * I haven't seen anyone in 28 years whose conduct with bad checks has been so extreme as it is in this case, and I specifically find it is not disproportionate to the conduct. I might also add the conduct continues.
 {¶ 52} "So I don't think it's disproportionate when you have multiple businesses fraudulently induced to give up over $100,000 worth of vehicles and other things based on the criminal activity of the defendant.
 {¶ 53} "* * *
 {¶ 54} "So I think he does pose a danger, albeit economic, albeit property damage in this case to the tune of $7,000 to one of the new cars. I think that meets the statute.
 {¶ 55} "* * *
 {¶ 56} "The first criteria: `Crimes committed while awaiting trial/sentencing, under sanction, or under post-release control.'
 {¶ 57} "* * * [S]pecifically, this man was charged in two of these cases when he committed the third. So I think that goes exactly to the heart of the issue, of crimes committed while awaiting trial in another case. So it does meet the criteria.
 {¶ 58} "`Harm so great or unusual that a single term does not adequately reflect the seriousness of the conduct.'
 {¶ 59} "* * *
 {¶ 60} "The offenses in this case are a most serious offense in this case, is a felony of the fourth degree. * * *
 {¶ 61} "* * *
 {¶ 62} "On October 2, 2000, the defendant wrote a fraudulent check to Value City Furniture for $4,671.70. Twenty-two days later, on October 24, 2000, he wrote a fraudulent check to Bob Caldwell, I think that's Lincoln-Mercury, for $28,085.30. The very next day, on October 25 of 2000, he wrote another fraudulent check for $27,025.20. * * * Two days later, on October 27, 2000, he fraudulently wrote another check for $45,000 to Rush Motor Sales. The very next day, on October 28, he wrote another fraudulent check for $33,129.47 to Quality Chevrolet for another vehicle. * * * [T]he defendant wrote checks for over $100,000 * * *.
 {¶ 63} "* * * [H]e wrote a counterfeit check on the account of Elaine Credit Solutions * * * to Embassy Suites in the amount of $2,432.22. * * *
 {¶ 64} "There was another incident at Sears Northland whereby the defendant * * * represented himself as an employee of Sears, and he rang up sales, made himself at home with the cash register * * * rang up the sales for a friend to the tune of $594.80.
 {¶ 65} "So I think those are the factual bases that I find that support the proposition that this case certainly deserves consecutive sentences.
 {¶ 66} "His criminal history, as well as his continuing criminal conduct while he's out on bond in one case committing another case, shows consecutive terms are needed to protect the public like Sears, Ron Rush * * *.
 {¶ 67} "After he's charged, made aware of the charges and the charges are pending in court in one case, he goes out and commits further offenses. That is protection of the public * * *." (Tr. 36-44.)
 {¶ 68} Our review of both the transcript of the resentencing hearing and the trial court's journal entry of resentencing shows that specifically at the resentencing hearing, the trial court found that imposing consecutive sentences was necessary to protect the public and to punish appellant's conduct, and that the sentences were not disproportionate to the seriousness of his conduct and the danger he posed to the public. See R.C. 2929.14(E). The court also found that appellant committed his third offense while he was out on bond awaiting trial or sentencing on his first two offenses, and that appellant's criminal history and continuing criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by appellant.
 {¶ 69} Although the trial court, at the resentencing hearing, did not quote the entire language of R.C. 2929.14(E)(4) verbatim, the trial court is not required "to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Finch (1998), 131 Ohio App.3d 571 (the trial court must make a finding on that record that it has considered the applicable statutory criteria before imposing consecutive sentences). The language the trial court used complies with and is consistent with that contained in R.C. 2929.14(E)(4).
 {¶ 70} Accordingly, the record clearly establishes that the trial court made the required statutory findings and facts pursuant to R.C.2929.14(E)(4) and, as such, has further complied with the standards set forth in R.C. 2929.19(B)(2)(c). Since we cannot find by clear and convincing evidence that the record failed to support the trial court's findings, this court will not modify appellant's sentence. See R.C.2953.08(G). As such, appellant's sole assignment of error in case No. 02AP-986 lacks merit and is not well-taken.
 {¶ 71} For the foregoing reasons, in case No. 02AP-948, appellant's first, second, and third assignments of error are overruled, and his fourth assignment of error is sustained. In case No. 02AP-986, appellant's sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
BRYANT and KLATT, JJ., concur.
[1] A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.
[2] Statute amended and re-codified as R.C. 2929.14(E)(4).
[3] The judge states, "[m]y reading of 2929.14(E)(3) is the appropriate section, not (E)(4)." (Tr. 4.) The trial court mistakenly refers to R.C.2929.14(E)(3). At the time appellant committed the crimes, R.C.2929.14(E)(3) was redesignated as a new division under R.C. 2929.14(E)(4). As such, R.C. 2929.14(E)(4) is the applicable statute for consideration. See, Aliane I, supra.